George Nauman, Wm. B. Given and Engene G. Smith, Trustees, v. John S. Weidman, Appellant.

*Trust and trustees—Charitable use—Devise.*

A devise of real estate to a church in trust to devote the income to keeping testator's family lot in a graveyard in order, and to distribute the balance, within specified limits as to amounts, to home or foreign missions for the spread of Christianity, and the residue among the needy poor of the vicinity as the trustees and their successors may think best, creates a valid trust for charitable uses.

A trust for a charitable use created by will and vested in a church cannot be defeated by deeds in which the church trustees, the surviving executors of testator, and heirs of the testator join in pursuance of a compromise of an ejectment suit brought by the heirs against the church trustees. None of the parties had any title, except the church trustees, and, the conveyance being a diversion of the proceeds and a violation of the trust, they had no power to convey.

Argued May 19, 1897. Appeal, No. 204, Jan. T., 1897, by defendant, from order of C. P. Lancaster Co., April T., 1897, No. 88, confirming report of referee. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit to recover the purchase money of real estate.

The case was referred to T. B. HOLAHAN, Esq., as referee, who reported in favor of the plaintiffs.

Exceptions to referee's report were overruled, by the court below and judgment was entered in favor of plaintiffs for $15,125.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*Owen P. Bricker* and *Charles I. Landis*, for appellant.—The will created a valid charitable trust: Magill v. Brown, Brightly's Rep. 394; Pepper's Est., 1 Parson's Select Eq. Cases, 436; Witman v. Lex, 17 S. & R. 88; Martin v. McCord, 5 Watts, 493; Beaver v. Filson, 8 Pa. 327; Pickering v. Shotwell, 10 Pa. 23; Brown v. Lutheran Church, 23 Pa. 495; Price v. Maxwell, 28 Pa. 23; Zimmerman v. Anders, 6 W. & S. 218; Do-

mestic & Foreign Missionary Society's App., 30 Pa. 425; Yard's Appeal, 64 Pa. 95; Overseers v. Leonard, 83 Pa. 206; Kinike's Est., 155 Pa. 101; Williams on Executors, 1073; Tierney's Est., 13 Pa. C. C. 446; Act of May 26, 1891, P. L. 119.

Where a trustee refuses to act or abuses his trust, chancery will remove him and appoint another: Magill v. Brown, Brightly's Rep. 408; Burton's App., 57 Pa. 213; Rung v. Shoneberger, 2 Watts, 23; Com. v. McDonald, 16 S. & R. 390; Com. v. Rush, 14 Pa. 186; McKissick v. Pickle, 16 Pa. 140; Wright v. Linn, 9 Pa. 433.

The trustees held the land devised by Abraham Kauffman in trust for a charitable use, and they had no power to alienate it. Their deed to the appellees was ultra vires: Mercer Home, Fisher's App., 162 Pa. 232; Burton's App., 57 Pa. 213; Sellers Church's Petition, 139 Pa. 61.

*Eugene Smith* and *George Naumun*, with them *Wm. B. Given*, for appellees.—There is here a gift to an unincorporated religious association of certain real estate for a purpose in no way connected with the said association, and for which no one at any time can be called to account.

If there is no provision in charitable trusts for a power to compel an account, and if there is no provision for the appointment of trustees who shall execute the charity, the gift fails: Zeisweiss v. James, 63 Pa. 465.

While great latitude has been given by this court to charitable gifts, it is submitted that a devise like the one at bar has never been sustained: Witman v. Lex, 17 S. & R. 88; Pickering v. Shotwell, 10 Pa. 23; Domestic & Foreign Missionary Society's App., 30 Pa. 425; Kinike's Est., 155 Pa. 101.

The question as to the power of religious bodies to sell squarely arose in Griffitts v. Cope, 17 Pa. 96, and it was there held that the power existed, although the ground was devised to the monthly meeting of Quakers, to build a meetinghouse upon, if the members of that meeting shall agree to build a meetinghouse there, but not else: Barr v. Weld, 24 Pa. 87; Brendle v. The German Reformed Congregation, 33 Pa. 415; Yard's App., 64 Pa. 95; Burton's App., 57 Pa. 218; Dana v. Bank of the United States, 5 W. & S. 243.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1897:

This is an action for the enforcement of a contract of sale, and the defense is that the title offered by plaintiffs is not good. The facts found by the referee, and undisputed, show that the title is not merely unmarketable but utterly worthless for any purpose.

Abraham Kauffman, dying in 1886, devised the land in question to the Mennonite Meeting and directed his executors to make a deed to the trustees upon certain trusts, the principal of which were after the death of his sister, to devote the income to keeping testator's family lot in the meetinghouse graveyard in order and to distribute the balance within specified limits as to amounts to home or foreign missions for the spread of Christianity, and the residue among the needy poor of the vicinity as the trustees and their successors may think best. The executors made the deed as directed, and the Mennonite Meeting accepted the trust. Thereupon the title became vested in them in fee simple for the uses named by the testator.

The will created a valid trust for charitable uses. Many analogous uses are shown in the cases cited by the appellant, but the validity of this trust is too clear to need any discussion.

In 1892 some collateral heirs of Abraham Kauffman brought ejectment for this land, on the claim that the will created a perpetuity for an unascertainable purpose, and to that extent was inoperative and void. This ejectment was compromised, and the Mennonite Meetinghouse Association (which had been incorporated since testator's death), the trustees of the meetinghouse property, the surviving executor of Kauffman and Kauffman's heirs at law made conveyances to the present plaintiffs, for the purpose of selling the land and distributing the proceeds among the parties, or some of them, in a manner agreed upon but discreetly not disclosed. It is this title which plaintiffs offer to appellant in the case now before us.

The plaintiffs in the ejectment had no claim at all. The suit was simply a discreditable scheme of greedy relatives to set aside the will of the testator by taking advantage of the well-known unwillingness of the Mennonites to litigate. Courts however do not enter into consideration of the merits of claims which have been settled by compromise of actually existing litigation, and this case would be no exception on that ground;

but the compromise passed no title to the present plaintiffs, because none of the parties had any title except the Kauffman Mennonite Association, and it had no power to convey.

As already said the testator created a valid trust for specific charitable uses, and as a general rule, lands so held cannot be conveyed away by the trustee. In Yard's Appeal, 64 Pa. 95, SHARSWOOD, J., quotes approvingly from Lewis on Perpetuities that "land dedicated to the service of charity and religion is practically inalienable." There are classes of cases where the object of the trust has come to an end, or conditions have so changed as to require change of location, etc., in which courts of equity will decree sale and supervise the application of the proceeds to the same uses, but in this state that power is now exercised under the act of 1853. See case of the Mercer Home, Fisher's App., 162 Pa. 232. There is no pretense that the authority of the court was secured in this case. The conveyance by the Kauffman Mennonite Association was not only a conversion of the estate left by the testator, but a diversion of part of the proceeds from the trust. This the association was without power to make. Even the court could not do it unless possibly to preserve the rest of the estate from the risks involved in a bona fide and substantial claim against it, by a compromise fully explained to the court, and of the necessity for which it was judicially convinced.

The cases which hold that a devise in trust for charity is not a conditional estate, and therefore the grantor or his heirs cannot re-enter for condition broken by alienation, such as Griffitts v. Cope, 17 Pa. 96, or Barr v. Weld, 24 Pa. 84, or the other line of cases not of a charitable use, like Brendle v. German Reformed Congregation, 33 Pa. 415, we do not need to discuss, as the facts take this case entirely out of those classes.

On the undisputed facts the title to the land is still in the Kauffman Mennonite Association. The plaintiffs took nothing by the conveyance to them, and therefore have no claim against appellant on which they could recover.

Judgment reversed.