213      163
 34 SC  353
 34 SC  354

# Dempwolf v. Greybill, Appellant.

*Deed—Escrow—Passing of title—Estoppel—Covenant—Mortgage.*

A purchaser for value has a right to act on the faith that a deed has been signed, sealed, acknowledged and delivered as it purports to be, and the presumption is that it has been so executed and delivered by proper parties. A mortgagee is a purchaser for value.

An owner of a mill deposited with a trust company a deed for his property, in escrow. By the terms of the escrow agreement he was to receive money and stock of a corporation, which was to take title to the property. Subsequently he was notified that the option in the escrow agreement had been exercised. The trust company delivered the deed to the purchaser, and forwarded the money and stocks to the grantor who receipted for them. About the same time the grantor executed a lease whereby he covenanted to operate the mill for a period of sixty days as lessee. Both before and after the receipt of the cash and stocks he stated at different times and to different persons that he was in possession of the property as a tenant under the lease, and after the organization of the corporation he acknowledged his liability for rent to the company. After the delivery of the deed the company executed a mortgage on all its property, of which the grantor had notice. On a subsequent default the mortgage was foreclosed, and the properties were sold. In an action of ejectment by a purchaser at the foreclosure sale against the grantor in the deed to recover the mill, the grantor maintained that no title had passed from him because of the failure of the trust company to see that certain other conditions of the escrow agreement had been complied with. He also offered evidence that at the foreclosure sale he had given public notice of his claim of title. *Held*, that the court committed no error in giving binding instructions for plaintiff in the ejectment.

*Deeds—Construction—Condition—Covenant.*

Where words of a deed can be construed either as a condition, reservation or covenant, the latter construction is favored.

Argued April 25, 1905.　Appeal, No. 118, Jan. T., 1905, by defendant, from judgment of C. P. Cumberland Co., Nov. T., 1904, No. 131, on verdict for plaintiff in case of Charles H. Dempwolf v. John D. Greybill.　Before MITCHELL, C. J., DEAN, FELL, BROWN and ELKIN, JJ.　Affirmed.

Ejectment for land in the borough of Carlisle.　Before SADLER, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the court refused under objection and exception to admit various offers of testimony by defendant relating to the matters connected with promotion, organization and financing of the Eastern Milling & Export Company. [1–7]

Mr. Woods : It is proposed to prove by C. W. Yost of Steelton, Dauphin county, Pennsylvania, that in the year 1903, he had a conference with Mr. Dempwolf, plaintiff in this action, in which he informed him that the conditions under which the properties in the combination of the Eastern Milling & Export Company of New Jersey had been taken contrary to the conditions of purchase, in the following particulars :

That money had been taken from the bond issue of $800,000 to pay for said properties, and had thereby reduced the working capital to such an extent that the scheme would be a failure.

That the said Dempwolf and H. C. Niles were directors at the time of the Security Title & Trust Company of York, Pennsylvania.

This for the purpose of bringing notice home to Mr. Dempwolf, the plaintiff in this action, and for the further purpose of proving that Mr. Dempwolf is not an innocent purchaser, bona fide purchaser, for value received.

Mr. Niles : Objected to as not proper legal evidence to sustain the issue on part of the defendant, or to affect adversely the rights of the plaintiff in this action, as irrelevant, incompetent and immaterial.

The Court : Objections are sustained, offer refused, defendant excepts and bill is sealed. [8]

The court charged as follows :

[The defendant in this action, alleging as a defense that he was the victim of a fraud by which he was induced to make a

conveyance of his mill property, we allowed the widest latitude in the admission of testimony, which might tend, in the opinion of his counsel, to establish the truth of his contention, reserving, however, the effect which we would give to the same. The offers and declarations made on his behalf at the beginning and early stages of the trial led us to think it to be our duty not to reject the offers there made and admitted.

We are now, however, at the conclusion of the case, and of the opinion that no such relevant, competent and material evidence has been adduced on the part of the defendant, John D. Greybill, as will avail against the claim of Charles H. Dempwolf, the plaintiff, to recover, and you are therefore directed to render a verdict in his favor for the land described in the writ.] [9]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–8) rulings on evidence, quoting the bill of exceptions; (9) charge of the court, quoting it; (10) in entering judgment on the verdict.

*R. W. Woods*, with him *Frank B. Sellers, Jr.*, for appellant. —Fraud creates such an injury as will be redressed when it is the means of obtaining from an owner, by a false representation of a fact which he deems material, property which he would not otherwise have parted with upon the terms which he is thus induced to accept: Williams v. Kerr, 152 Pa. 560; Levick v. Brotherline, 74 Pa. 149 ; McCaskey v. Graff, 23 Pa. 321; Schrader v. Decker, 9 Pa. 14; Logan v. Gardner, 136 Pa. 588.

The depositary was not justified in delivering the deed until the conditions had been strictly complied with: Audenried v. East Coast Milling Co., 59 Atl. Repr. 577; Dyson v. Bradshaw, 23 Cal. 528; Beem v. McKusick, 10 Cal. 538; Hinman v. Booth, 21 Wend. (N. Y.) 267 ; Abbott v. Alsdorf, 19 Mich. 157 ; Jackson v. Rowland, 6 Wend. (N. Y.) 666.

The grantee took, at best, but a voidable title: Fitch v. Miller, 200 Ill. 170 (65 N. E. Repr. 650) ; Berry v. Anderson, 22 Ind. 36 ; County of Calhoun v. Emigrant Co., 93 U. S. 124; Daggett v. Daggett, 143 Mass. 516 (10 N. E. Repr. 311); Landon v. Brown, 160 Pa. 538.

The grantor was not estopped from asserting his title : Robbins v. Magee, 76 Ind. 381 ; Brewster v. Hatch, 122 N. Y. 349 (25 N. E. Repr. 505); Knight v. Knight, 178 Ill. 553 (53 N. E. Repr. 306); Anderson v. Brinser, 129 Pa. 376 ; Bush v. Genther, 174 Pa. 154.

The bondholders are chargeable with such notice of the condition of title of the properties covered by the mortgage as the trustee possessed prior to, and at the time of, the execution of the mortgage : Fidelity Ins., etc., Co. v. Shenandoah Val. R. R. Co., 9 S. E. Repr. 180 ; Pierce v. Emery, 32 N. H. 484; Miller v. R. R. Co., 36 Vt. 452; Weil Bros. & Co. v. Cohn, 4 Pa. Superior Ct. 443 ; Simons v. Vulcan Oil, etc., Co., 61 Pa. 202.

*Henry C. Niles,* with him *Wetzel & Hambleton,* for appellee. —If the agent violates the terms of the escrow and delivers contrary to instructions, the title is good in the hands of a bona fide purchaser for value. The grantor may sue the unfaithful agent : Blight v. Schenck, 10 Pa. 285.

Both bonds and mortgage of a corporation are negotiable and are not subject to be defeated by any equities : Cook on Corporations, secs. 767 and 768.

When the trustee is selected by the mortgagor, notice of a defense to a trust mortgage given to him does not affect the rights of bondholders or the right of the trustee to enforce the mortgage for the benefit of the bondholders as bona fide holders for value without notice : Cook on Corporations, sec. 817; Johnson County v. Thayer, 94 U. S. 631 ; Curtis v. Leavitt, 15 N. Y., 9, 194.

After conveyance a vendor retaining possession does so as trustee for the vendee : Ingles v. Ingles 150 Pa. 397 ; Kern v. Howell, 180 Pa. 315.

No knowledge or notice to a purchaser at a foreclosure sale will affect the title conveyed to him at such sale : Logan v. Eva, 144 Pa. 312.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

The plaintiff stands on his record title, the documentary evidence of which introduced at the trial made out a prima facie case in his favor. After an exhaustive examination of all the

questions raised by this appeal, we are of opinion that no testimony produced at the trial, or offered and refused, was sufficient in law to overcome the prima facie case made out by the plaintiff. The theory upon which the learned counsel for appellant bases his contention is that the terms and conditions of the option or agreement with Jackson under which the deed was held in escrow, had not been complied with before it was delivered by the Union Trust Company, the depositary, to Murphey, the grantee, and by reason of the alleged failure to comply with the terms and conditions precedent to the delivery of the deed no valid title passed.

The first seven assignments allege error in the learned trial judge refusing to admit testimony offered by defendant, relating to and bearing upon matters connected with the promotion, organization and financing of the Eastern Milling & Export Company. The general purpose of these offers was to show such a violation of the conditions upon which the deed was held in escrow as to be a fraud on the rights of appellant by reason of which no title passed. Whether in a suit between appellant and Jackson, or between appellant and the Eastern Milling & Export Company, this testimony should be admitted for any purpose, it is not necessary to consider and determine, but as between the parties to this litigation, under the admitted and undisputed facts, it is clearly incompetent for the purpose of affecting the validity of plaintiff's title.

It appears from the uncontroverted evidence in the case that appellant executed a deed for the milling property in dispute, and deposited it with the Union Trust Company of Philadelphia in escrow, under the terms and conditions of the agreement with Jackson ; that said deed was to be delivered by the depositary to the grantee therein named when the consideration agreed upon, in money and stocks, had been deposited with said trust company and the other conditions had been complied with ; that on April 5, 1901, appellant was notified that the Eastern Milling & Export Company had exercised the option to purchase the property ; that the amount of money and stocks agreed upon as a consideration therefor had been received by and deposited with said trust company ; that a mortgage had been placed on said property to secure a temporary loan ; that he should transfer his insurance to the mort-

gagee ; and that he would be expected to enter into a lease under the terms of which he should operate the mill for a period of sixty days as lessee.    A few days after receiving this notice he executed a lease whereby he covenanted to operate the mill for a period of sixty days as lessee, and surrender the same on five days' notice thereafter.    Some delay in closing up the transaction was occasioned on account of the failure to deliver a deed for a railroad siding, which it was alleged should be included in the conveyance.    The deed for the siding was delivered May 31, and subsequently the Union Trust Company forwarded the money and stocks deposited with it to appellant as consideration for the transfer under the terms of the agreement by which the deed was held in escrow.    On June 20, he acknowledged in writing the receipt of $6,250 and 375 shares of the preferred and 375 shares of the common stock of the Eastern Milling & Export Company, which he accepted as consideration in full for his mill property.

Before and after the receipt of the cash payment and stocks, appellant asserted at different times and to different persons that he was in possession of the property as a tenant under the lease.    As late as July 5, after the organization meeting of the Eastern Milling Export Company, he acknowledged his liability for rent due the company as its tenant, and asked that it be charged to him as a set-off in the settlement to be made on account of the company taking over certain personal property belonging to him.    On the same day he deposited the stock held by him in a pool with other stockholders of the company, but withdrew it a few days later.

On the other hand, it cannot be doubted that the grantee and his assigns treated the delivery of the deed as an absolute transfer of the property on and after April 5, 1901.    On that day Murphey, the grantee, acting under the direction of the Eastern Milling & Export Company, executed a mortgage on the milling property, the title to which is in dispute in this suit, to secure a temporary loan of money.    The appellant had notice of the execution of this mortgage because he was notified to transfer the insurance to the mortgagee.    On July 1, a general mortgage covering all the constituent properties of the new corporation, including the property of the appellant, was executed and recorded.    This mortgage secured a bond

issue in a large sum of money. The corporation defaulted in the payment of interest on the bonds, and the mortgage was foreclosed by a decree of the United States circuit court, under which the property in dispute, and all other properties covered by the mortgage, were sold and conveyed to the plaintiff who brought this action in ejectment.

It is thus apparent that the appellant, the new consolidated milling company, and all other parties in interest, treated the delivery of the deed by the trust company to Murphey, April 5, 1901, as an absolute transfer of the property. Against this array of concrete facts it is of no avail to assert abstract principles of law wherein it is held that a deed takes effect only from the time of its delivery; or, where a deed is placed in the hands of a third person as an escrow, the grantee is only entitled to a delivery upon a strict compliance with the conditions precedent to such delivery; or, that if the depositary delivers the deed without authority from the grantor, or if the grantee obtains possession of it fraudulently, without performing the conditions, the deed is void; or, that where the future delivery of a deed depends upon the payment of money, or the performance of some other condition, and the grantee obtains possession of the deed without performing the condition, he acquires but a voidable title. These are recognized and settled principles of law, and will not be questioned by anyone familiar with the rules of property, but it would do violence to every rule of construction to hold them applicable to the facts of the case at bar.

The appellant does not deny that he received the full consideration for his property as provided in the agreement with Jackson, to wit: the cash in hand and stocks, but contends that the stocks are depreciated in value because of the failure to comply with certain other conditions of the agreement, and that it was the duty of the depositary to see that all the terms and conditions of said agreement were carried out before the delivery of the deed. The position is not tenable under the facts of the present case. Such a rule would impose a higher standard of legal requirement on the agent than on the principal. It will not be seriously contended that in this respect the Union Trust Company can be required to exercise greater care and diligence in the enforcement of the conditions of the

escrow than the appellant, who, with Jackson, constituted the trust company depositary for the receipt of the consideration and delivery of the deed. When the appellant, who was as familiar with the facts connected with the organization of the new milling company as the common agent, the depositary, accepted the money and stocks in full consideration for his property, and thereafter acquiesced in the mortgage of said property as a security to third parties and bondholders, who had advanced their money for the uses and purposes of the new corporation, he cannot now be heard to say that the depositary had been unfaithful in not enforcing the alleged conditions of escrow precedent to the delivery of the deed.

If a title may be avoided under such circumstances, no purchaser is safe. The learned court below was clearly right in the construction placed upon the escrow agreement. The rule is that where words can be construed either as a condition, reservation or covenant, the latter construction is favored : Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608 ; In re Sellers M. E. Church, 139 Pa. 61. A purchaser for value has a right to act on the faith that a deed has been signed, sealed, acknowledged and delivered as it purports to be, and the presumption is that it has been so executed and delivered by proper parties : Blight v. Schenck, 10 Pa. 285. A mortgagee is regarded in law as a purchaser for value : Logan v. Eva, 144 Pa. 312.

In the view we take of the case it is not important to consider the question of notice at the foreclosure sale raised by the eighth assignment of error. The appellant had executed a conveyance of his property and had received the consideration agreed to be paid him, and the delivery of the deed under the circumstances was binding upon him. Having parted with the title to his property, and the rights of third parties having intervened, it was immaterial what notice he gave at the sale.

The ninth and tenth assignments, for reasons hereinbefore stated, are without merit.

The agreement with Jackson may have been an improvident one ; the plan for the combination and operation of the smaller milling properties in a large operating company may have been unwise and unprofitable, like many other promising enterprises floated for speculative purposes, but the matters complained of

must be raised, if at all, in a proper proceeding between the parties, and cannot be set up as a defense for the purpose of avoiding a deed solemnly executed and duly recorded.

This opinion was not handed down with others in cases heard at the same time for the reason that it was originally assigned to our late Brother, Mr. Justice DEAN, and after his death it was reassigned too late to hand down with others in June.

Judgment affirmed.