## Avery, Appellant, v. Home for Orphans of Odd Fellows of Pennsylvania

*Will—Trusts and trustees—Charitable gift—Location of building.*

A bequest to "The Home for Orphans of Odd Fellows at Twentieth and Ontario Streets, Philadelphia, to be used for the purpose of erecting a wing or addition to its building" does not restrict the home from using the money in erecting a wing to a building necessary for its work in a locality other than that mentioned in the will.

Submitted March 23, 1910. Appeal, No. 86, Jan. T., 1910, by plaintiff, from decree of C. P., No. 1, Phila. Co., June T., 1909, No. 4,997, dismissing bill in equity in case of James H. Avery v. the Home for Orphans of Odd Fellows of Pennsylvania. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Bill in equity for an injunction.

Kinsey, J., stated the facts to be as follows:

This is a bill in equity praying for an injunction to restrain defendant from using certain money, received by it from the estate of James D. Thompson, deceased, for the purpose of building a wing or addition to their building at the present time located at the northwest corner of Twentieth and Ontario streets, in the city of Philadelphia. The case was heard on bill and answer without other proofs.

From the bill and answer it appears that the said James D. Thompson died on January 12, 1907, having provided in his last will, bearing date October 25, 1904, in item 4 thereof, in language as follows: "All the rest, residue and remainder of my estate so held In Trust I give and bequeath unto The Home for Orphans of Odd Fellows, at Twentieth and Ontario Streets, Philadelphia, to be used for the purpose of erecting a wing or addition to its building, said wing or addition to be called The James D. Thompson Memorial."

That the above mentioned residuary estate is now vested in said defendant. By the order of the orphans' court of Philadelphia county, on March 11, 1908, the same was awarded to the said defendant to the amount of $100,265.61 of personal estate, and real estate of the assessed value of $15,000 in trust for the purposes set forth in the will of said testator, and which personal estate is now in the possession and under the control of said defendant.

That said defendant has since the death of testator authorized its board of directors to sell, for an adequate price, the real estate located at the northwest corner of Twentieth and Ontario streets, in the city of Philadelphia, now occupied by the home, and to purchase a new site for the purpose of building a new home and intends to use the bequest of the said James D. Thompson in the erection of a wing or addition to the new home to be erected on the new site to be selected.

*Error assigned* was decree dismissing the bill.

*Francis V. Godfrey* and *Avery D. Harrington,* for appellant.

*J. P. Hale Jenkins, C. B. D. Richardson* and *Linwood L. Hallman,* for appellee.

Per Curiam, April 18, 1910:

The object of the testator's bounty was the Home for Orphans of Odd Fellows of Pennsylvania, the location of which is given in his will as Twentieth and Ontario streets, Philadelphia. There is nothing in his bequest to it to indicate that its continuance at that location was a condition upon which the bounty was to be enjoyed, and the location was manifestly given by the testator merely for the purpose of fully identifying the institution. There may be others like it in the state. An unchallenged statement in the appellee's paper-book is that there are four

homes, of some kind, in Pennsylvania under the jurisdiction and control of the Grand Lodge of Odd Fellows. The purpose of the testator was benevolence to the home for orphans, located at the time his will was written at the point named. In its cramped condition there it cannot make proper use of the bequest, and, its board of directors having concluded to locate elsewhere for the purpose of building a new home, it would be doing violence to the manifest intention of the benefactor to forbid his bounty to follow the home where it will be enabled by such bounty to increase its usefulness, which he had in view.

Decree affirmed at appellant's costs.