## Petition of Franklin Street Church.

*Trusts and trustees—Charitable use — Changed conditions — Price Act—Sale under Act of April 18, 1853, P. L. 503.*

1. Where an absolute devise in land is given to be used for certain purposes, and conditions have so changed as to require a change of location or even a conversion of the property into cash to be applied for the purposes and in furtherance of the object of the donor, a sale may be ordered.

2. Land was conveyed in fee to the trustees of a church for the purpose of erecting thereon a church building and parsonage "whenever those members of the said church who reside in the part of the said borough called Kernville may determine," or in the event of such trustees believing that a different location would be more advantageous giving them power to sell the ground in question, and that the amounts so received should be "expended for other lot or lots to be located in the same part of the borough." The grant was absolutely for the purpose stated, there being no forfeiture clause or provision for the termination of the estate in case the land was not used for the purpose stated, and no remainder or reversion was created. The lots so devised were valuable, but owing to changed conditions and the shifting of the center of trade were not suitable for the purpose intended. Sixty years after the devise the trustees and congregation determined that the interest of the church would be best served by selling the lots and applying the proceeds to the payment of an indebtedness incurred in the enlargement of the present church. A purchaser then entered into an agreement of sale with the trustees, subject to the approval of the court. *Held,* the lower court did not err in authorizing the sale.

Mercer Home's Application, 162 Pa. 232, followed.

Argued March 30, 1915. Appeal, No. 80, Oct. T., 1915, by A. M. Custer, from decree of C. P. Cambria Co., ordering sale of real estate in the Matter of the Petition of the Franklin Street Methodist Episcopal Church of Johnstown, Pennsylvania. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for leave to sell real estate held in trust. Before O'CONNOR, J.

The opinion of the Supreme Court states the case.

The court entered a decree authorizing the sale. A. M. Custer appealed.

*Error assigned* was the decree of the court.

*Charles C. Greer,* for appellant.

No paper book was submitted for appellee.

OPINION BY MR. JUSTICE FRAZER, April 19, 1915:

The Franklin Street Methodist Episcopal Church of Johnstown, Pa., acquired title in fee to two lots of ground, located in that city, by deed of Joseph Haynes and wife, dated the 11th day of April, 1853, and recorded in the recorder's office of Cambria County, in Record Book, Vol. XXXII, page 661, which provided that the property should be held "in trust for the use and benefit of the Methodist Episcopal Church aforesaid, for the uses and purposes following, viz: That they, the said trustees, erect and build, or cause to be erected and built, on the second of the before mentioned lots, situate on Jackson and Haynes streets, a parsonage for the residence of the minister, and his family, who may, from year to year, be duly appointed by the annual conference within the bounds of which the premises may be, at the time; and that they hold the first of the before mentioned lots for the purpose of erecting thereon a house of worship, for the use of the members of the said church whenever those members of the said church who reside in that part of the said borough called Kernville may determine, and be prepared to build said house of worship thereon. Provided, nevertheless, that if the said trustees, or their successors in office, should believe that it would be for the benefit and advantage of the members of the said Methodist Episcopal church to sell the said lots, or either of them, and purchase others, they are hereby granted and given full and ample power and authority to sell and convey the said lots or either of them; provided, that the amounts so received for them, or either of them, shall be paid and expended for other lot or lots, to be located in the same part of the said borough, that is, in Kernville." Aside from these provisions there is no other clause in the deed indicating an intention on the part of the grantor to limit the absolute fee given, or to reserve any interest to himself or his heirs.

The lots have been held by the congregation for over sixty years without being improved. Kernville was

never organized as a separate municipality, and is now and has been for many years a part of the City of Johnstown. Owing to changing conditions and the shifting of the center of trade, commerce and population during the past sixty years, the members of the Franklin street congregation never deemed it expedient to improve either lot by erecting thereon a church edifice or parsonage, and those members of the congregation residing in Kernville have continued to worship in the Franklin street church. In the meantime the property has remained vacant and unproductive, and has become a considerable burden to the congregation in the matter of making municipal improvements and payment of taxes. The trustees therefore decided the best interest of the congregation would be served by selling the lots and applying the proceeds to the payment on account of an indebtedness incurred in the enlargement of the Franklin street building. This action was approved by the members of the church residing in Kernville, and the board of trustees of the congregation, and was also duly authorized in accordance with the discipline, rules and regulations of the Methodist Episcopal Church in the United States of America.

Subsequent to this action, appellant offered seventeen thousand dollars for the property, subject to the approval of the sale by the proper court. Thereupon, a petition was presented to the Court of Common Pleas of Cambria County under the Act of April 18, 1853, P. L. 503, setting forth the circumstances and asking permission to accept the offer, and sell the property at private sale. The court decreed the sale as prayed for, which sale was subsequently confirmed. The purchaser, A. M. Custer, in order to remove any doubt as to his title, filed exceptions to the court's order and took this appeal, alleging that the court was without power to direct the sale for the purpose stated, because of the provisions recited in the deed to the congregation.

The deed to the trustees of the church gives express

power to sell, and the only question is whether a valid sale can be made in view of the use to be made of the proceeds, owing to the provision that the amount received should be "expended for other lot or lots to be located in the same part of the borough." The grant is absolute for the purpose stated. No clause is inserted for the forfeiture or termination of the estate in case the land was not used for the purpose stated, nor was any remainder or reversion created. The entire title is in the congregation for the use stated, without accounting to be made to the grantor or his heirs. Under these conditions the grantees are therefore answerable only to the Commonwealth for a breach of the terms of the grant: Sellers M. E. Church's Petition, 139 Pa. 61; Mercer Home's Application, 162 Pa. 232. The circumstances of this case bring it within the Mercer Home case above cited. The devise there was for the establishment of a home for clergymen, with a provision that no part of the property should be "sold or disposed of, or applied to any other use" than that stated. On application by the trustees to sell a portion of the land remote from the buildings, an order for sale was made. In affirming the decree this court, by Mr. Justice WILLIAMS, said: "In this State the visitor of all charitable institutions is the State herself. The testatrix created no remainder or reversion after the charitable use, but she gave the property absolutely to the corporation for the purposes of charity. The title of the devisee is in fee simple. The heirs of Mrs. Mercer have no interest, direct or remote, in the property. The managers are answerable for their conduct not to the testatrix or her heirs but to the Commonwealth; and if in doubt about their powers or duties, they may apply to the Commonwealth for direction. This direction was formerly given by a special act of assembly in each particular case. It is now given under the provisions of the Price Act, through the Orphans' Court of the proper county: Burton's App., 57 Pa. 213. The question presented is, how shall

this partially detached piece of land be best used to promote the interest of the home? The managers are of the opinion that it is by the conversion of it into money and the investment of the proceeds as part of the permanent endowment fund; but they submit the question to their superior and visitor, the State. The State, through the Orphans' Court, concurs in opinion with the managers and makes a decree authorizing the sale. We have thus the action of the holders of the freehold, and the approval of that action by the only power possessed of supervisory control, the State. Against this action nothing is urged except a very literal interpretation of a direction in Mrs. Mercer's will, which was intended not to cripple or embarrass, but to preserve and perpetuate the charity. What she forbade was the diversion of any part of her gift to other purposes than those to which she had devoted it. The managers were forbidden to sell, incumber, or apply, in any manner, any part of the property to any other use than that of 'The John C. Mercer Home for Disabled Clergymen of the Presbyterian Faith.'......Nothing short of a plain unequivocal direction that no part of the land shall be parted with for any purpose whatever, ought to be held sufficient to restrain the managers from doing that which the interests of charity under their control require of them." In view of the present conditions surrounding the Kernville property to compel the Franklin street congregation to continue to hold it or to reinvest the proceeds of sale in another lot or lots would impose a hardship upon it, and defeat the very purpose of the grantor. Instead of benefit, the gift would become a useless burden. The case is therefore within the rule that where an absolute estate in land is given to be used for certain purposes, and conditions have so changed as to require a change of location or even a conversion of the property into cash to be applied for the purposes, and in furtherance of the object of the donor, a sale may be ordered. Such sale is not a diversion of the

property, but merely dealing with it in such manner as to more effectually carry out the wishes of the grantor: Burton's App., 57 Pa. 213; Mercer Home's Application, 162 Pa. 232; Nauman v. Weidman, 182 Pa. 263; Funck's Est., 16 Pa. Superior Ct. 434.

The absolute title to the two lots was in the trustees without contingent interest of remainderman to be protected, and subject only to the limitation that they may be used for the purpose stated. A sale will not divert the property from this use, but will effectuate the only practical method of applying it to such use.

The judgment is affirmed.