## Crozer's Estate

*William B. McClenahan, Jr.*, for petitioners.

CHADWICK, P. J., February 23, 1945.—We have examined the petition in this case and the will of testatrix, principally for the purpose of ascertaining whether the allowance of this petition would be inconsistent with the general testamentary purposes of Mary S. Crozer, deceased, being less concerned to inquire either into the wisdom of the policy of the church congregation or the amount to be obtained in the proposed sale of the property.

We take it that the officers of the congregation and of the diocese can be trusted to make a wise and provident disposition of any property they own; and their judgment as to the fairness of the price prevails with this court. Incidentally, we are not so long removed from the practical problems of business that we hesitate to give some weight to our own view that the price is adequate. If petitioners desire to file appraisals substantiating the adequacy of this price, they will be made part of the file in this case; otherwise, the rule of court is waived to this extent.

We note that in the fourth codicil of the will a particular property is devised to the rector, wardens, and vestry of St. Paul's P. E. Church of Chester, Pa., for the purpose of building an edifice thereon; and that under the terms of the fifth codicil the sum of $10,000 was made ultimately available to this church "for the purposes of the Memorial Church to be erected on the lot of ground which I have devised to them by the fourth codicil to my last will and testament".

We assume that the petition, being that of the church, and signed by the rector, represents the views of all of the church officers who may have a legal voice and interest in the matter.

If we believed that testatrix's primary interest attached to the building of a church at this particular site, we would feel constrained to refuse the present petition, as the reasons advanced against such use do not seem to us to be so controlling as to defeat an intent, if it existed. However, we do not think testatrix's intention was so strictly limited. She was willing to give generously out of her estate for the purpose of furthering a new church edifice which she evidently thought of as a memorial. Her piece of land on Edgmont Avenue was apparently appropriate and useful for her general purpose; but we cannot believe that if the present dilemma could have been presented to her she would have wished it resolved in any different way from that which we

are now asked to approve. Any other construction requires the conclusion that she was more interested in the use of the lot than in the realization of her idea of a new church edifice. Several cases which have a relevancy to the question here presented seem to warrant favorable action on this application, particularly Wilkey's Estate, 337 Pa. 129, Petition of Franklin Street Church, 249 Pa. 275, and Avery v. Home for Orphans of Odd Fellows of Penna., 228 Pa. 58.

We trust that in so construing the will we have not misconceived Mrs. Crozer's basic interest and intent. It is the duty of the court to see that testamentary wishes are respected and observed, but in approaching the question we were also guided by another authority which declares that "The letter killeth, the spirit maketh to live".

We note that in the formal decree as submitted by counsel we are asked to order that St. Paul's Church of Chester, Pa., convey the property in question to the prospective buyer for the consideration mentioned. We have for convenience adopted this form of decree, noting nevertheless that it is not to be construed as a direction, but merely as an authority so to convey if the church shall continue to be of the opinion that such course is desirable.

We observe that the decree as prepared also directs that the proceeds of the sale be held and retained by St. Paul's Church of Chester, Pa., for the particular purpose of securing a suitable site for the church edifice in accordance with the terms of decedent's will. In this connection we note the provision of section 13 of the Revised Price Act of June 7, 1917, P. L. 388, and unless some consideration not now called to our attention makes this section inapplicable we suggest that a bond in the amount of $10,000 with appropriate condition be entered by petitioner, without surety, which bond will be approved. Only the requirements of the statute would suggest to us the necessity for any such bond from the petitioning church.