## LEWIS A. GREENE *vs.* TIMOTHY O'CONNOR.

A land owner executed, acknowledged and recorded a deed to the city of Providence conveying a strip of land. Between the description of the land in the deed and the *habendum* clause were the words: "This conveyance is made upon the condition that the said strip of land shall be forever kept open and used as a public highway and for no other purpose."

*Held,* that under Gen. Stat. R. I. cap. 59, § 25 ; Pub. Stat. R. I. cap. 64, § 25, the strip of land became a highway on the record of the deed without formal acceptance by the board of aldermen of Providence.

*Held,* further, that the clause cited did not create a condition that the city of Providence should open and use the strip as a highway within a reasonable time.

*Held,* further, that the clause cited did not create a condition subsequent.

*Held,* further, that the clause cited merely declared the purpose for which the strip of land conveyed was to be used.

*Held,* further, that the strip of land was none the less a highway because terminating on private property. A *cul de sac* may be a highway.

*Simmons* v. *Mumford*, 2 R. I. 172, doubted.

PLAINTIFF'S petition for a new trial.

*November* 19, 1892. MATTESON, C. J. This is an action of trespass for breaking the plaintiff's close and throwing down a fence. The close on which the alleged trespass was com-

mitted is part of a strip of land in Providence, lying between Barnes and Keene streets, and extending westerly from Thayer street, parallel with Barnes street, 518 feet, more or less, to the middle line of a lot numbered 19 on a "Plat of House Lots in Providence belonging to Josiah Keene, surveyed and platted by Cushing and Walling, 1849," and recorded in the land records in Providence in plat book 4, page 8. The northerly line of this strip is distant 95 feet southerly from Barnes street and its southerly line, from the middle line of lot 19 above mentioned, is parallel with and 20 feet distant southerly from its northerly line until it re hes the easterly line of the lot numbered 28 on said plat, . from that point is parallel with and 18 feet distant from its northerly line until it reaches Thayer street. This strip was conveyed by Edward H. Clarke and Allen Greene to the city of Providence by deed, dated November 15, 1876, duly acknowledged and recorded in the land records in Providence, in deed book 290, page 257. Between the description of the land and the *habendum* in this deed is inserted a clause as follows: "This conveyance is made upon the condition that the said strip of land shall be forever kept open and used as a public highway and for no other purpose." After this conveyance the strip of land remained open until enclosed by the plaintiff shortly before the bringing of this suit, and was used, to a greater or less extent, by Allen Greene and his tenants and others, and after his decease by his heirs, for the usual purposes of a way. Subsequently to the conveyance to the defendant's wife of the land bounding thereon, as stated below, the defendant has also used the strip, both for the usual purposes of a way and also for dumping manure, &c. On January 7 and March 8, 1888, the trustees under the will of Edward H. Clarke, by deeds bearing those respective dates, conveyed to Catherine O'Connor, the defendant's wife, the lots of land situated on the corner of Barnes and Thayer streets and bounded southerly on said strip. On December 2, 1888, said trustees petitioned the board of aldermen of Providence to declare useless as a public highway the strip of land so conveyed to the city of

Providence, but the board of aldermen gave the petitioners leave to withdraw. Afterwards, the heirs of Allen Greene entered on that part of the strip lying easterly of the east line of said lot 28, being that part of it which previously to the conveyance to the city of Providence had belonged to said Greene, claiming that the clause in the deed quoted above created a condition subsequent and that they were entitled to enter on the land for breach of that condition. After this entry the other heirs of Allen Greene conveyed their interests in the land to the plaintiff, who thereupon enclosed it with a fence. This fence was thrown down by the defendant who claimed a right of way for his wife over the land in question. Hence this suit.

The plaintiff's claim of title rests on the theory that the clause in the deed which we have quoted created a condition that the city of Providence should open and use the land conveyed as a public highway; that it never has opened and used the land as a highway, though a reasonable time prior to the entry, to wit, fourteen years, and more, had elapsed for it to do so, and, therefore, that there was a breach of the condition which entitled the heirs of Allen Greene to enter on the land and resume possession of it and that such entry and conveyance to the plaintiff vested in him title to the land as though the deed to the city of Providence had not been made.

We do not think this theory can be sustained. Gen. Stat. R. I. cap. 59, § 25, in force at the date of the deed from Clarke and Greene to the city of Providence, reënacted by Pub. Stat. R. I. cap. 64, § 25, is as follows: "Whenever the owner of any land shall make a deed thereof to the town wherein such land lies, for the especial purpose of being used and improved as a public highway and the deed shall have been duly acknowledged and recorded, the land shall be thenceforward a public highway to all intents and purposes, and be liable to be opened by the town council of the town wherein the same shall lie, in the same manner as highways which are laid out by the town council; but no town shall be liable to repair such highway until the town council thereof

shall decree and order that the same shall be repaired at the expense of such town." It will be observed that this statute does not require any formal acceptance by the board of aldermen, which in the city of Providence exercises the same power and control over highways as town councils in the several towns, nor any order by that board opening the land conveyed as a public highway, to make it such, but provides that from the recording of the deed, duly acknowledged, the land conveyed shall thenceforward become a highway to all intents and purposes. The conveyance being for the benefit of the public, acceptance of it by the proper authority representing the public is presumed. Having once become a highway, it must continue to be a highway until abandoned or declared useless as such by the board of aldermen under another provision of the statute. No such action by the board of aldermen has been taken, but on the contrary when such action was asked for, it was denied and leave given to the petitioners to withdraw.

Nor do we think that the clause quoted created a condition subsequent. Conditions subsequent, as is well understood, are not favored in law. A deed will not be construed to create an estate on condition unless language is used which according to the rules of law, *ex proprio vigore*, imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. If it be doubtful whether a clause in a deed be a covenant, or a condition, courts will always lean against the latter construction. 1 Instit. 205 b, 219 b ; 4 Kent Comment. *129, *132; Sheppard's Touchstone, *133; *Merrifield* v. *Cobleigh,* 4 Cush. 178, 184; *Rawson* v. *Inhabitants of School District No. 5 in Uxbridge,* 7 Allen, 125, 127, 128. The clause in question is merely a declaration of the purpose for which the land conveyed was to be used and improved, to wit, as a public highway. It contains no language which imports that the grant shall be void in case the purpose for which the land is conveyed is not carried out, nor does it reserve to the grantors and their heirs the right, in that event, to reënter on the land and resume possession of it as of their former estate. More-

over, the purpose declared is in its nature general and public and not one enuring specially to the benefit of the grantors. Such a declaration does not create an estate on condition, but merely imposes a confidence or trust on the land, or raises an implied agreement on the part of the grantee to use the land for the purpose specified. *Rawson* v. *Inhabitants of School District No. 5, in Uxbridge,* 7 Allen, 125, 129, 130; *Packard* v. *Ames,* 16 Gray, 327, 329; *Sohier* v. *Trinity Church,* 109 Mass. 1, 19; *Episcopal City Mission* v. *Appleton,* 117 Mass. 326, 329; *Barker* v. *Barrows,* 138 Mass. 578, 580; *Horner* v. *The Chicago, Milwaukee & St. Paul Railway Co.,* 38 Wisc. 165, 175; *Field* v. *City of Providence,* 17 R. I. 803.

It matters not that the statement of the purpose for which the land was conveyed is, as in the present instance, in the form of a condition. The employment of apt words to create a condition does not necessarily and invariably have that effect; for these may give way to the intent of the party as ascertained by a construction of the instrument. *Sohier* v. *Trinity Church,* 109 Mass. 1, the clause in the *habendum* declaring the purpose of the conveyance was "in trust, nevertheless, and upon condition always," &c., and it was held that though the words "upon condition" were appropriate to create a condition, they did not of necessity have that effect, and did not in that case. And see also, *Episcopal City Mission* v. *Appleton,* 117 Mass. 326, 329; *Stanley* v. *Colt,* 5 Wall. 119; *Wright* v. *Wilkins,* 2 B. & S. 232; *Attorney General* v. *Corporation of Southmolten,* 14 Beav. 357; *Attorney General* v. *Wax Chandler's Co.,* 42 L. J. Ch. 425.

The plaintiff makes the further point that the deed of a strip of land terminating on private land, and neither extending to another way nor other public place, is not within the purview of the statute relating to the conveyances of land for the purpose of a highway, and cites in support of the position, *Simmons* v. *Mumford,* 2 R. I. 172, 184. That was not a case in which land had been conveyed by the owner for the purpose of a highway, but was one in which tenants in

common of land made partition of their estates, leaving undivided a strip forty feet in width, extending from a public street to the private land of another, and spoke of it in the deed of partition as a street and sold lands bounding on it as on a street. The court held that the acts of the owners of the land, though they might give the owners of the adjoining lands the right of travel over the strip, could not be considered a dedication thereof to the public as a highway, since it terminated on private land and extended neither to another way, mill, market or other public place. The court were not considering the effect of the statute which expressly declares that land conveyed by the owner in accordance with it shall thenceforward be a public highway to all intents and purposes. The case is therefore, not in point; but if it were we should hesitate to be governed by it. The decision in *Simmons* v. *Mumford*, relied for its support on *Woodyer* v. *Hadden*, 5 Taunton, 125. It is, however, now settled in England, contrary to the doctrine of that case, that there may be a highway where there is no thoroughfare, or passage through, or, in other words, that a road or street closed at one end and which only communicates with a highway at the other may, nevertheless, be a highway. *The Rugby Charity* v. *Merryweather*, 11 East, 375 n. (a); *Bateman* v. *Bluck*, 18 Q. B. N. S. 870, also 14 Eng. Law & Eq. 69; *Regina* v. *Burney*, 31 Law Times Rep. N. S. 828; and such is now, by the later authorities, the established rule in this country. *People* v. *Kingman*, 24 N. Y. 559; *Saunders* v. *Townsend*, 26 Hun, 308; *People* v. *Van Alstyne*, 3 Keyes, N. Y. 35; *Bartlett* v. *Bangor*, 67 Me. 460; *Sheaff* v. *The People*, 87 Ill. 189, also 29 Amer. Rep. 49 and note; *Adams* v. *Harrington*, 114 Ind. 66; Elliott on Roads and Streets, 1. This doctrine seems to us more reasonable than that of *Woodyer* v. *Hadden*. A *cul de sac* may be lined with shops and other places of business to which the public may have frequent occasion to resort, and, though a *cul de sac* to-day, it may, whenever the public convenience shall require, be extended either by the conveyance or condemnation of other lands to another way and thus become a thoroughfare.

As the strip of land in question became a highway from the time of the recording of the deed of it to the city of Providence and no action has been taken by the board of aldermen declaring it useless as such, we are of the opinion that the plaintiff wrongfully erected the fence on it, and that the removal of the fence by the defendant did not render him liable as a trespasser.

Plaintiff's petition for a new trial denied and dismissed with costs.

*Joseph C. Ely & Herbert Almy,* for plaintiff.
*Simon S. Lapham,* for defendant.