STATE OF RHODE ISLAND *vs.* FRANK W. COY REAL ESTATE
COMPANY *et al.*

JUNE 22, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)  Common Law Dedication.  Estoppel in Pais.*

A common law dedication does not operate as a grant but by way of estoppel *in pais*. The dedication is regarded not as transferring a right but as operating to preclude the owner from resuming his right of private property or any use inconsistent with the public use. By such a dedication the fee does not pass to the public but only an easement. The intention of the owner is to be ascertained from his acts and declarations, and while his right to make a dedication subject to a condition subsequent is unquestioned, the law does not favor conditions subsequent.

*(2)  State Roads.  Dedication.*

The State was engaged in reconstructing a road as part of the state highway system. It was desirable that the highway be built through land of re-

spondent. The town and respondent having failed to come to an agreement in regard to terms after a conference between the town committee, the agent of respondent and the engineer supervising the construction of the road for the State an agreement was entered into whereby respondent agreed to convey land to the town for the purpose of the highway and the town agreed to build certain walls and to abandon the old highway the land in which was to revert to respondent. The walls were to be built before the deed was executed. The agreement was signed by respondent, was "accepted" and signed by the committee for the town and was also signed by the engineer. The latter had no authority to bind the State. Work was begun and a highway built through respondent's land which was opened to travel but respondent claiming that the agreement had not been kept attempted to prevent travel over the road and the State secured an injunction:.

*Held,* that the State was no party to the agreement and whatever was to be done thereunder was to be done by the town:—

*Held,* further, that from the facts established by the evidence there was a valid and unconditional dedication made by respondent who intended that the public should at once acquire an easement over the new way in which respondent still retained the fee, as well as acquiring the fee in the abandoned highway.

BILL IN EQUITY. Heard on appeal of complainant and sustained.

STEARNS, J. This cause is in this court on an appeal by complainant from a final decree of the Superior Court dismissing the bill of complaint. The subject matter of the present proceedings has now been for several years past the basis of much and varied litigation in law and in equity between the parties. The original bill of complaint was considered by this court, as appears and as reported under the same title in 103 Atl. 484, and 107 Atl. 82. The bill of complaint having been amended as directed by this court the cause was heard by a justice of the Superior Court on bill, answer, replication and oral testimony, on issues of fact. The prayer of the bill for a permanent injunction restraining respondents from obstructing and interfering with public travel upon the road known as the "Shore Road" in Westerly was denied and the bill was dismissed. The temporary injunction previously granted however was continued by the decree until the final determination of the cause.

The question is, was the evidence sufficient to establish the claim of the state that the public had a right to use the part of the "Shore Road" in question by reason of a dedication by respondents or by reason of an estoppel *in pais*? The vital facts are not seriously controverted, and the question is, what is the legal effect of the evidence?

In 1912 the state was engaged in reconstructing the "Shore Road" as a part of the state highway system. In September the work had progressed to a point on the highway adjacent to land of the respondents and it was manifestly desirable and advantageous to the public, the town and the respondents that the highway should be straightened at this point by building the highway for a certain distance through farm land of the respondents. The town and respondents had failed to come to an agreement in regard to the terms whereby the desired change should be made, but after a conference between the town committee, the agent of the respondents and a Mr. Bristow, the engineer supervising the construction of the "Shore Road," the following agreement was prepared by the attorney of the respondents:

"WESTERLY, R. I.,

September 16th, 1912.

In order to help along the proposed improvement of the Shore Road by the State of Rhode Island and the town of Westerly, in said State, the Frank W. Coy Real Estate Company, acting herein by Frank W. Coy, its President fully authorized, and Katherine R. Welch, hereby agree, to and with said State and town, that they will execute a deed to said town, and deliver the same to its agents, conveying a strip of land, needed for said improvements, where said highway goes through our land, according to the new survey, not to exceed fifty feet in width, subject to the following conditions to be inserted in said deed,

we are to have permission to maintain certain pipes across said street, which we propose to put in and lay before the proposed road is built;

culverts and catch basins to be built in said road where necessary to take care of surface water;

proper approaches to be made from the road to the adjoining fields, barns and buildings on said farm, where necessary;

we are not to relinquish any rights for damages that may accrue on account of the collection of, and the flowage of water on our land, from said road.

Before the execution of said deed the town is to make a stone wall along the new south line of said Road west of the farm house taking the stones from the present wall and relaying them along the new south line of the proposed Road where a change is made and said walls are to be relaid in as good condition as they are now in. Also build walls on each side of the proposed new road east of the barn and they shall be built as follows:   the soil where the walls are to be set shall be removed to the depth of at least six inches;  the walls shall be two feet thick at the bottom, and one foot thick at the top, and shall be four feet high, and shall be lined up on top, and the walls shall be thoroughly chocked throughout.

A bank wall shall be built opposite the farm house not less than four feet high, and as much higher as the town's agents shall think proper and the slope from the top of this bank wall to the edge of the macadam road bed shall be covered with loam, at least six inches deep, so grass seed may be sown thereon.

Gates or bars are to be placed in said proposed new walls in as many places as they appear in the old walls, at such places as may be designated by us.

The Town is to abandon the old highway and accept the new layout, and the land in the abandoned highway. to revert to us."

This agreement was signed by the respondents, was "accepted" and signed by the committee for the town and also was signed by Mr. Bristow. Mr. Bristow had no authority to bind the State and made no promises or representations to respondents. There is some evidence to the effect that Bristow told one member of the town committee that the north wall along a part of the new way would be constructed by the State Board, but this was not communicated to respondents and the signature of Bristow was added to the document with the apparent idea that some indefinable claim might be made upon the State. Work was at once begun on the new way through respondents' land, and a bituminous macadam highway was built thereon at a cost of about $8,000, which was completed in May, 1913, and opened to public travel in June. The town failed in some respects to carry out the agreement and the north wall along the highway has never been built. The respondents protested to the town for its failure to fulfill its obligation and shortly after the road was opened to travel attempted to prevent the use of the road by the public. Not succeeding in this attempt a civil action was begun and prosecuted against the town for alleged trespass. This action having been decided adversely to the respondents, they later sued the town for breach of the contract. The decision in this case was adverse to respondents in the Superior Court and the case is now pending in this court on bill of exceptions. Having failed thus far in the suits against the town, respondents attempted to prevent travel on the road and a temporary injunction was issued on the prayer of complainant.

The trial justice in his rescript held that the immediate construction of the road was intended by respondents, as the requirements of respondents could not be fulfilled until the road was built; that, although the State was not contractually bound by the agreement, the State Board, although it had no knowledge of the agreement, nevertheless was chargeable with knowledge of the agreement by reason

of the knowledge of its engineer Bristow and that the dedication of the road for public use was made subject to conditions subsequent, namely, the performance by the town of the things it had agreed to do; that the argument of the State that nonperformance of the conditions might warrant Coy in refusing to deliver a deed, and that he thus might retain title, but that the land had permanently become a public highway was not warranted by the facts.

We think the conclusion of the trial justice was erroneous and that the dedication made to the public was absolute and complete. In 8 R. C. L. § § 31, 32, p. 906, the law is thus concisely stated: "A common law dedication does not operate (1) as a grant, but by way of estoppel *in pais*. This doctrine is adopted from necessity, for lack of a grantee capable of taking. The dedication, therefore, is regarded not as transferring a right, but as operating to preclude the owner from resuming his right of private property, or indeed any use inconsistent with the public use. The ground of estoppel is that to reclaim the land would be a violation of good faith to the public and to those who have acquired private property with a view to the enjoyment of the use contemplated by the dedication." A dedication is established by proof of the owner's intention to dedicate the land and the acceptance of the dedication by the public by the use of the land. As stated in *Union Co.* v. *Peckham*, 16 R. I. 64: "If the act of dedication be unequivocal, it may take place immediately." See also *Daniels* v. *Almy*, 18 R. I. 244. By such a dedication the fee does not pass to the public but only an easement. So far as the owner of the land is concerned, it is sufficient if his intention to set apart a portion of his land for the public use is clear. The intention of the owner is to be ascertained from his acts and his declarations, as no particular mode of making a dedication is prescribed by the common law. His right to make a dedication subject to a condition subsequent is unquestioned. But the law does not favor conditions subsequent even when expressed in an instrument under seal, as by a deed. *Greene* v.

*O'Connor,* 18 R. I. 56; *Ecroyd* v. *Coggeshall,* 21 R. I. 1; *Field* v. *City of Providence,* 17 R. I. 803. The State was not a party to the agreement nor was it bound to do anything required by the respondents. Whatever was to be done under the agreement was to be done by the town. After the town had built the new walls, respondents agreed to execute a deed to the town of that strip of land where the new highway was constructed through their land. The town was to abandon the old highway and the land therein was to revert to respondents. Having thus made provision to secure the fee in the old highway from the town, we think respondents intended that the public should at once acquire an easement over the new way, as in addition to their claims against the town they still retained the fee of the new location. Even if the State is chargeable with the knowledge of the engineer, although we do not pass on this point, it seems hardly probable that the State would proceed to construct this piece of highway unless it had some assurance that it would be permitted to use it after it was constructed. The State had no power to compel the town to perform its agreement and yet, on the construction of the agreement as made by the trial justice, the public might at any time be deprived of the use of the highway by the failure of the town to perform satisfactorily any of the numerous requirements of the agreement. Such a result in our judgment never was contemplated by any of the parties. The conduct of respondents in bringing the various actions against the town would seem to confirm our conclusion that there was a valid and unconditional dedication made by respondents. Such being the case, the permanent injunction asked for by the State should have been granted.

The appeal of complainant is sustained; the decree appealed from is reversed. On July 3, 1922, the parties may present a form of decree in accordance with this opinion.

*Herbert A. Rice,* for complainant.

*John J. Dunn, Waterman & Greenlaw,* for defendant.