WALTER D. BUCHANAN, Surviving Trustee *vs.* BENJAMIN M. McLYMAN, Atty. Gen. *et al.*

JANUARY 28, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is a bill in equity brought by the sole surviving trustee of the Trustees of the Presbyterian Church at Narragansett Pier, a corporation organized "for the purpose of maintaining public worship at Narragansett Pier according to the doctrine and forms of the Presbyterian Church in the United States of America." The bill alleges that the church edifice and land upon which it is located have been unused for many years; that it is impossible to use the property for the purposes for which said corporation was organized and the property dedicated, and prays that said property may be ordered sold and the proceeds, after paying certain indebtedness, administered according to the *cy pres* doctrine.

Before the hearing on the merits, questions of law having arisen which in the opinion of the trial justice were of such doubt and importance and so affected the merits of the controversy that said questions ought to be determined by the Supreme Court before further proceedings, said justice, acting in pursuance of Section 36, Chap. 339, G. L. 1923, certified the cause to this court for the determination of said questions which are as follows: "First. Do the deeds of conveyance made part of the bill of complaint in this cause, *viz.*, from C. E. Boon and wife to J. A. Hodge and A. B. Foster; and from said Hodge and Foster to the Trustees of the Presbyterian Church at Narragansett Pier, disclose the intention to create, and create, a public charitable trust of the real estate conveyed thereby?

"Second. Are there, under said deeds, any reversions or resulting trusts affecting the value of and title to said real estate and thereby preventing conveyance of an unconditional, marketable title to said real estate should sale thereof be authorized as prayed for in said bill?"

The facts material for our consideration are as follows: By their warranty deed dated September 22, 1873, Charles E. Boon and Anna M. Boon, his wife, in consideration of

Fifteen Hundred Dollars to them paid, conveyed the land in question to J. Aspinwall Hodge and Avery B. Foster, "their heirs and assigns forever, in trust for the maintenance of the worship of God, according to the doctrine and usage of the Presbyterian Church in the United States of America, and in further trust that should the Presbyterian Society at said place now organizing or organized and known as the 'Presbyterian Church of Narragansett Pier' at any time receive from the General Assembly of Rhode Island an Act of incorporation the aforedescribed and granted premises are to be conveyed by said Hodge and Foster their heirs and assigns to said corporation and its assigns as soon as it shall have organized under such act of incorporation."

On February 10, 1875, the General Assembly of Rhode Island passed an act creating certain persons and their successors in office a corporation by the name of the "Trustees of the Presbyterian Church at Narragansett Pier" for the purpose of maintaining public worship at Narragansett Pier according to the doctrine and forms of the Presbyterian Church in the United States of America and empowering them by that name to take and hold personal property and real estate not exceeding in amount Fifty Thousand Dollars.

By their deed dated April 19, 1875, setting forth that said Presbyterian Society was duly organized under said act of incorporation, said Hodge and Foster conveyed said land to the "Trustees of the Presbyterian Church at Narragansett Pier," their successors and assigns, to hold the same "in trust for the maintenance of the worship of God according to the doctrine and usage of the Presbyterian Church in the United States of America." Thereafter a substantial church edifice was erected and, although much out of repair, now stands on said lot of land.

Although the records of the corporation cannot be found, the complainant believes that the purchase money paid by said Hodge and Foster for the land, as well as the money expended in erecting the church edifice, was obtained, prin-

cipally, by voluntary contributions, donations and efforts of persons who were not residents of Rhode Island, but were transient visitors, during the summer seasons, who constituted the greater part, if not the whole, of the congregation of said church. By the year 1900 such transient persons had discontinued their visits to Narragansett Pier to such an extent that the church was deprived of its congregation and financial support, and at the present time there are no persons at or in the vicinity of said Narragansett able and inclined to bear the expense incident to using the property for religious services in accordance with said trust.

The Attorney General, who was made a party to the bill, answered saying he claimed such rights for the State and the inhabitants of Narragansett as this court "shall be of the opinion they are entitled to."

The Presbytery of Westchester, New York, which was made a party respondent by reason of the statement made in said act incorporating the "Trustees of the Presbyterian Church at Narragansett Pier" that said church is under its care, answered the bill disclaiming that it ever had or now has any legal or equitable claim, right, title or interest in and to the property involved, or in any proceeds arising from sale of the same; and prayed to be dismissed.

By direction of court notice of the pendency of the bill was given by publication to all persons who are or may be interested in the subject matter of the bill or the property therein described.

It is well established that a trust creating a place for public worship for the benefit of an indefinite number of persons is a good and valid trust to a charitable use. *Brice* v. *All Saints Memorial Chapel*, 31 R. I. 183; *Brown* v. *Meeting Street Baptist Society*, 9 R. I. 177; *Todd* v. *St. Mary's Church*, 45 R. I. 282.

We answer the first question in the affirmative.

The deed to Hodge and Foster contains a covenant of warranty against all persons and contains no provision

suggesting reverter or right of reëntry. It appears that the deed from Hodge and Foster to the Trustees of the Presbyterian Church at Narragansett Pier merely carried out one of the trust purposes expressed in the deed from Boon and wife, that is, to convey to the Society when incorporated, and contains no suggestion of a reversion, condition or right of reëntry.

Courts will not infer conditions, reversions or resulting trusts where none are expressed or implied. *Brown* v. *Meeting Street Baptist Society, supra; Brice* v. *All Saints Memorial Chapel, supra; Cuthbert* v. *McNeill,* 142 Atl. 667; *Hewitt* v. *Camden County,* 146 Atl. 881; *In re Franklin Street Methodist Episcopal Church,* 95 Atl. 89.

The second question is answered in the negative.

The papers with our decision certified thereon are remanded to the Superior Court for further proceedings.

*Benjamin W. Case, Benjamin W. Case, Jr.,* for complainant.

*J. Clifden O'Reilly, Asst. Atty. Gen.,* for respondent.