THE SECOND CHURCH OF CHRIST, SCIENTIST, OF AKRON, APPELLEE, *v.* LePREVOST, ET AL., APPELLANTS.

(Decided February 28, 1941.)

*Messrs. Meade, Weygandt, Held & Mills,* for appellee.

*Mr. Leonard M. Bertsch,* for appellants.

WASHBURN, J. This is an action to quiet the title to certain real estate against a claim that the language in the deed conveying said real estate constituted a condition subsequent, which, having happened, justified a forfeiture of the estate conveyed by the deed.

The Common Pleas Court, upon the application of the appellee church, entered a decree quieting its title to said real estate against such claim, and the appellants, who are the heirs of the grantor in said deed, have appealed such chancery action to this court on

questions of law; and the case has accordingly been submitted to this court upon the transcript and a bill of exceptions, showing the proceedings of and evidence in the trial court.

Thomas C. Marshall, Sr., in 1890, being the owner of land in Akron, subdivided the same into nine lots, numbered one to nine, and in the deeds to his grantees in 1890 of lots six and seven (now owned by appellee church), Marshall inserted the following provision, to wit:

"In consideration of the price paid for the above described premises, the said grantees hereby agree not to build or maintain any building within 50 feet of the street line, and in default of which it is hereby agreed that said premises shall revert to the said grantors, or their heirs and assigns."

The deeds of said lots six and seven, by successive grantees thereof, contain a provision similar in character, and that is true of the deeds to the appellee church, which it obtained in 1937.

Marshall died in 1898, having disposed of all of the lots in said subdivision, except two, by deeds containing similar provisions.

In 1904 the remaining two lots in said subdivision were disposed of by the appellants, the widow and the heirs of Thomas C. Marshall, Sr., by deeds which did *not* contain said provision, and houses were built thereon within 50 feet of the street line referred to in said provision.

If a front porch is to be considered a part of a "building," then most of the buildings on said lots were built closer than 50 feet of the street. Some of them were so built before the death of Thomas C. Marshall and while he lived nearby on the same street, and most of them were so built at least 30 years before the church building was built by appellee.

Said church building is 59.5 feet from said street line, and there is an open porch which extends to a

line 47 feet back from the street, which is farther back from the street than the front line of most of the other porches on said lots.

No objections were made by Thomas C. Marshall during his life, or by appellants, who are his heirs, to the buildings on any of said lots, until shortly before the bringing of this action, when an action was begun in the Municipal Court of Akron by such heirs, claiming ownership of lots six and seven by virtue of forfeiture.

That action was dismissed for lack of jurisdiction, and, after this action was begun, appellants answered, asking that title to said lots six and seven be declared to be in them.

It does not appear that appellants own or claim to have any interest in any of the lots in said subdivision, or have or claim any interest in the subject of this action, except that by way of the claimed forfeiture.

None of the owners of the other lots in said subdivision have complained that the porch of said church extends over the 50-foot set-back line about three feet.

The claim of the appellant heirs is that said provision in said deed should be construed to constitute a condition subsequent, by which a contingent interest in said real estate was retained by said grantor, Marshall, to wit, the right to enforce a forfeiture, and that such right is what is known as an incorporeal hereditament and passed to them as heirs of Marshall.

The claim of appellee is that said provision should not be construed to constitute a condition subsequent, but a mere covenant or agreement as to the manner in which the grantee was to make use of the property conveyed, or, in other words, a restriction for the benefit of Marshall *as owner* of his remaining lots in the subdivision, and that his right and the right of his heirs to enforce such restriction ceased to exist when he and they ceased to own or have any interest in any lots in the subdivision. Appellee also claims that

such restrictive covenant is not violated by the small part of the open porch of the church which extends over the 50-foot set-back line, and that, if it is a violation, and if appellants did have a right to enforce the restriction, they have waived or are estopped from enforcing such right by their and Marshall's acquiescence in similar violations on other lots in the subdivision for a period of more than 30 years before said church was built.

Should said provision be construed to constitute a condition subsequent?

There is no copy of the deed in the record, and we do not know in what part of the deed said provision appears. No condition *in terms* is annexed to the grant; the provision contains no language inconsistent with a restrictive covenant other than the language that the premises shall revert to the grantor; and all the circumstances, save said language, plainly indicate an intention to create a restriction.

Likewise, the conduct of the grantees in the deeds of the other lots, and the conduct of Marshall and the appellants over a period of 40 years and more, indicate that all of them construed said provision to be a restriction.

It is settled that conditions subsequent are not favored in law and are looked upon with disfavor in equity, because they tend to destroy estates; one of the early examples of the establishment of equity was to afford relief against forfeiture. The rule is that conditions subsequent must be clearly expressed and strictly construed, even to an extent hardly reconcilable with conscience.

Mere words have not been usually deemed a controlling element in the creation of a condition entailing the consequences of a forfeiture of an estate, unless from the proof such appears to have been the distinct intention of the grantor and a necessary understanding of the parties to the instrument.

The intention of the parties to an instrument, when clearly ascertained, is of controlling efficacy; "and the construction of a deed, as to its operation and effect, will after all depend less upon artificial rules than upon the application of good sense and sound equity to the object and spirit of the contract in the given case." 4 Kent's Commentaries (13 Ed.), 143, marginal pp. 132-133.

Notwithstanding the words in the provision that in case of a violation of the set-back line "said premises shall revert to the said grantors," we find sufficient reason in the evident purpose of the conveyance and in the situation of the parties, as disclosed by the surrounding circumstances and subsequent conduct of the grantors, and their heirs (appellants), to construe said provision not as a condition subsequent but as a restrictive covenant.

We recognize that there are many decisions where the circumstances are not such as obtain in the instant case, in which great force and effect is given in similar provisions to the presence of words providing that the title shall revert to the grantor, but usually in such cases the deed contains language indicating a limitation in the grant or language plainly and unmistakably indicating a condition, and the subject of the provision is of real importance to the grantor, so that the stipulated forfeiture is not so disproportionate as to suggest a certain celebrated character of fiction.

In the instant case the subject of the provision is simply a set-back building line, and the violation, if it can be said to be a violation, is a very slight one, and the grantor and his heirs many years ago ceased to have any financial interest in the observance of said set-back line by the owners of the lots in said subdivision, and for 35 years before said church was built they have failed to object to acts of said owners

quite similar in nature and extent to the act of appellee of which complaint is made.

In the instant case, except for the words in said provision concerning reverter, there is nothing to indicate a condition or a limitation of grant or an intention on the part of the grantor to create a condition subsequent, and the grantor's conduct, and that of his heirs (appellants), over a period of over 40 years, has been inconsistent with any such intention.

We feel fully justified in applying, in solution of this case, the principles we have referred to, rather than to give controlling effect to the words "said premises shall revert to the said grantors, or their heirs and assigns," contained in said provision.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.