Taylor et al., Commissioners of Madison County, Appellees, *v.* Dickerson et al., Appellants.[*]

(No. 263—Decided January 18, 1961.)

*Mr. Forrest E. Sidener,* prosecuting attorney, and *Mr. James B. Patterson,* for appellees.

*Mr. Robert S. Olinger* and *Messrs. Wright, Harlor, Purpus, Morris & Arnold,* for appellants.

Kerns, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Madison County, Ohio.

The facts show that the Board of County Commissioners of Madison County brought this action against the heirs of Adah Coover to quiet title to certain land acquired by the county from the estate of Adah Coover who died on February 5, 1915, leaving a will, item 5 of which provides as follows:

---

[*]For opinions on preliminary motions, see 113 Ohio App., 339.

"I give and devise to Madison County, Ohio, for the use and purpose hereinafter stated, the following described tracts of real estate, to wit:

"* * * [The description of the 169.21 acres of land in question follows.]

"Said lands to be managed and controlled by the county commissioners of said county, and to be held and occupied by the county as and for a county experiment farm, such as is contemplated in Sections 1165-1 and 1165-2 of the General Code of Ohio.

"This devise is made upon the condition that the commissioners of Madison County shall, by resolution of their board duly passed and recorded on their journal within three years from the time this will is probated, accept said premises so devised for the use and purpose above stated and thereby assume the obligation of establishing thereon such experiment farm and equipping the same for such purpose. And if the said commissioners fail to so accept said tracts, or either of them, then in that event I hereby authorize, empower and direct my executor hereinafter named, to sell said tracts, or either of them which is not so accepted, as soon as convenient after the expiration of said three years, either at public or private sale and on such terms as in his judgment will be to the best interest of my estate, and a good and sufficient deed or deeds therefor to make, execute and deliver to the purchaser or purchasers thereof without the intervention in any way of any court; and the net proceeds from such sale, after paying the expenses thereof, I give and bequeath to the persons named in the residuary clause of this will which is item 15 below, and I direct my executor to distribute such net proceeds to said persons in the same proportion as the other property passing to them under said residuary clause."

Pursuant to this provision of the will, the commissioners of Madison County on April 26, 1915, passed and recorded the following resolution:

"And whereas, item 5 of said will gives and devises to Madison County, Ohio, two tracts of land, the first tract consisting of about 105.44 acres and being known as the Porter Homestead; and the second tract consisting of 63.77 acres of

land, all in Union Township, Madison County, Ohio; said lands to be managed and controlled by the county commissioners of said county, and to be held and occupied by said county as and for a county experiment farm, such as is contemplated in Sections 1165-1 and 1165-2 of the General Code of Ohio.

"The said Board of County Commissioners of Madison County, Ohio, believing that it will be to the best interest of said county to accept said land, in accordance with the terms of said will, it is hereby resolved by the Board of County Commissioners of said county to accept said land in accordance with the terms of said will, for the uses and purposes therein mentioned."

Thereafter the commissioners entered into a cooperative program with the Ohio Agricultural Experiment Station to operate and manage the property as the Madison County Experimental Farm. The land was used for this purpose from 1915 until 1957 at which time the operation of the Madison County Experimental Farm was discontinued.

The commissioners now propose to sell the land in question and to use the proceeds for the benefit of Madison County.

But the answering defendant claims that the plaintiffs, appellees herein, have breached the condition upon which the land was accepted. The question thus arises whether the title to the land devised to the county is absolute, or whether the land reverts to the heirs of the testatrix upon cessation of use as a county experimental farm. More specifically, did the testatrix devise to the county a fee simple title subject to a condition subsequent upon the nonperformance of which such title was debased or determined? Or did she devise a fee simple absolute with the expressed wish only that the land be used as a county experimental farm?

The issue thus drawn must be resolved, of course, by ascertaining the intention of the testatrix gathered from the four corners of the will and arrived at by the language expressed therein. 41 Ohio Jurisprudence, 590, Section 467 *et seq.*

Turning then to the language of item 5 of the will, it is apparent, we believe, that the reversionary clause thereof refers exclusively to the conditions precedent to be performed by the county commissioners. There are no other words of limitation

in item 5 or elsewhere in the will which apply to the land in question. Nor do we find any extraneous facts which bear upon the express language used by the testatrix. The evidence shows that the conditions precedent were performed. This being so, it would appear that the defendants, appellants herein, must rely heavily, if not entirely, upon the phrase, "for the use and purpose hereinafter stated," to sustain their position.

For obvious reasons, cases which depend upon the interpretation of certain language are not often favored with conclusive precedent, but all text authorities are in agreement that the mere expression of a particular use or purpose in a will or deed, without a reverter clause, will not be construed to defeat a fee simple estate. 20 Ohio Jurisprudence (2d), 260, Section 29; 1 Restatement of the Law of Property, 129; 3 Page on Wills, 835, Section 1309; 1 Simes and Smith on Law of Future Interests (2 Ed.), 281, Section 248; 19 American Jurisprudence, 496, Section 36; 116 A. L. R., 76; 1 Hausser, Ohio Practice, Real Property, 118, Section 220.

In the case of *First Presbyterian Church of Salem* v. *Tarr*, 63 Ohio App., 286, which has a factual similarity to the case at bar, the court held:

"1. A devise of real estate to a religious society 'to be used as a parsonage,' but with no provision for forfeiture or reversion, conveys all of the estate the testator has therein to the devisee, and the failure of the devisee to use the property as a parsonage will not cause the title to revert to the heirs of the testator.

"2. The mere statement in a will of the purpose for which property devised is to be used, will not be regarded as a condition subsequent, so as to debase the fee when the condition is broken, unless the intention of the testator is clearly shown to be otherwise."

In most of the cases decided in Ohio dealing with reverter clauses or determinable fees, courts have been called upon to construe language in deeds for a valuable consideration and have held almost unanimously in such cases that a fee simple title was conveyed by the grantors regardless of the meaning of the language expressed. For example, see *In re Matter of Copps Chapel*, 120 Ohio St., 309; *Miller* v. *Village of Brookville*,

152 Ohio St., 217; *Babin* v. *City of Ashland,* 160 Ohio St., 328; *Village of Ashland* v. *Greiner,* 58 Ohio St., 67; *Church of God* v. *Glann,* 93 Ohio App., 337; *First New Jerusalem Church* v. *Singer,* 68 Ohio App., 119. See, particularly, *Second Church of Christ, Scientist,* v. *LeProvost,* 67 Ohio App., 101.

And although those cases may be distinguished on other grounds, they all serve to point out the uncompromising attitude of Ohio courts against forfeitures and in favor of the early vesting of estates. The same attitude prevails in Section 2107.51, Revised Code, which provides that "every devise of lands, tenements, or hereditaments in a will shall convey all the estate of the devisor therein, unless it clearly appears by the will that the devisor intended to convey a less estate." This statute is in substantially the same form as it was in 1915 (Section 10580, General Code) and has been held to cast the burden of proof to show that a lesser estate has been created on the one asserting that the devise is of a lesser estate. *Perdue* v. *Morris,* 93 Ohio App., 538; *Minor* v. *Shippley,* 21 Ohio App., 236.

Returning to item 5 of the will of Adah Coover, we are unable to find any defeasible characteristics in the language providing for the use and purpose contemplated by the testatrix even though she expressly provided reverter clauses at two places in her will. Perhaps she guaranteed the contemplated use by providing conditions precedent because her wish was honored by the county for 42 years. And it may be presumed that the testatrix knew when she executed her will that the county commissioners could sell any real estate belonging to the county and not needed for public use. Section 2447, General Code (1915).

But the defendants pose the following question: "If the county after operating the farm one year had ceased to so operate it, would it have been entitled to sell the land and use the proceeds for the benefit of the county?" If all conditions precedent to the acquisition of the land were performed in good faith by the county, this question would necessarily have to be answered affirmatively because the stability of the title to land once acquired is in no way dependent upon the duration of its use. On the other hand, if the defendants mean to imply that the land could therefore be acquired by subterfuge, it should be

sufficient here to point out that time has dissipated any possibility of subterfuge. In the *Tarr case, supra,* the use contemplated by the testatrix was never realized before the court quieted title so that the land in question in that case might be sold.

Here the primary intention of the testatrix was to initiate the establishment of an experimental farm. The specific use of the adverb clause beginning "thereby" tends to show that all preceding qualifications, including the designated use and purpose, were merely for the purpose of assuring that her intention would be realized. The county commissioners did assume the designated "obligation" as intended by the testatrix, and we find no further language expressing or implying that the devise was subject to any further conditions.

Accordingly, the law and the equities in this case appear to preponderate in favor of the plaintiffs. We find, therefore, that the county is entitled to have its title to the land quieted as against the claim or claims of each and all of the defendants.

*Judgment accordingly.*

WISEMAN, P. J., and CRAWFORD, J., concur.