**UNITED STATES of America**

v.

**CHARTIER REAL ESTATE COM-PANY, Inc.**

Civ. A. No. 2883.

United States District Court
D. Rhode Island.

Jan. 6, 1964.

Raymond J. Pettine, U. S. Atty., William J. Gearon, Asst. U. S. Atty., Providence, R. I., for plaintiff.

Cornelius C. Moore, and Salvatore L. Virgadamo, Newport, R. I., for Chartier Real Estate Co., Inc.

J. Russell Haire, Newport, R. I., for R. I. Hospital Trust Co., Laura M. Agassiz and Henry L. Shattuck, Trustees u/w of Maximilian, Agassiz.

DAY, District Judge.

In this action the plaintiff seeks to compel the specific performance by the defendant Chartier Real Estate Company (hereinafter called "Chartier") of its contract in writing to purchase certain real estate which the plaintiff agreed to sell and said defendant agreed to buy. Jurisdiction of this action exists under the provisions of 28 U.S.C.A. § 1345. Upon the motion of the defendant, Laura M. Agassiz, Henry L. Shattuck and Rhode Island Hospital Trust Company, Trustees under the last will and testament of Maximilian Agassiz, late of Newport, Rhode Island (hereinafter called "said. Trustees") were joined as parties defendant.

In its complaint the plaintiff alleges that on or about August 23, 1957, pursuant to the provisions of the Federal Property and Administrative Services Act of 1949, as amended, the General Services Administration offered a sealed bid invitation for the sale of certain surplus real property facilities described in said complaint; that said bid invitation provided that the plaintiff made no guaranty or warranty, express or implied, as to the quantity, quality, charac-

ter, etc., of the property, and further provided that the conveyance of the plaintiff's interest in said property would be made by a good and sufficient deed without warranty, express or implied; that said Chartier was the high bidder for said property, its bid being in writing and in the amount of $25,750, and accompanied by a deposit in the sum of $2,565; that said bid was accepted by the plaintiff through its duly authorized officer; that in accordance with the provisions of said bid the plaintiff has offered to convey its interest in said property to the defendant, but that the defendant has questioned plaintiff's title thereto and refuses to accept a conveyance thereof and to pay the balance of the contract price therefor to the plaintiff.

In its answer, Chartier admits the allegations in plaintiff's complaint but avers that plaintiff is not entitled to the relief it seeks because it says that plaintiff's title to said real property is unmarketable, and that it is unable to convey its interest therein by a good and sufficient deed without warranty, express or implied, because said trustees, by instrument dated March 12, 1958, exercised the right of re-entry for condition broken reserved by said Maximilian Agassiz in his deed dated January 23, 1940, whereby he conveyed said premises to the plaintiff. In its answer, Chartier also by way of counterclaim seeks the recovery of said sum of $2,565 paid by it as aforesaid as a deposit with its bid.

Said trustees, in a cross claim included in their answer, allege in substance that said conveyance by Maximilian Agassiz to the plaintiff was subject to a condition subsequent with right of re-entry for condition broken and that they as trustees of the residuary estate of said Maximilian Agassiz have "exercised said right of re-entry for condition broken" and further allege that they as such trustees are the owners of said real property and pray that this Court will declare that they as such trustees are seized and possessed of said premises absolutely and in fee simple.

This case was heard by me upon an agreed statement of facts, signed by counsel for all the parties, in which were incorporated by reference the following documents, duly authenticated copies of which were introduced in evidence as exhibits, viz.: (1) deed from Alexander Agassiz to United States of America, dated May 20, 1889, (2) deed from Maximilian Agassiz to United States of America, dated January 23, 1940, (3) the last will and testament of Maximilian Agassiz, dated August 4, 1942, and admitted to probate on October 25, 1943, (4) an instrument purporting to be the exercise by said trustees of said alleged right of re-entry for condition broken, dated March 12, 1958, and recorded in the Records of Land Evidence of the City of Newport on March 27, 1958, (5) bid invitation for sale of said real estate and bid of Chartier which was accepted in writing by the plaintiff.

In their agreed statement of facts the parties agree that said Maximilian Agassiz conveyed to the plaintiff a large tract of land with the building and improvements thereon, of which the premises involved in this action were a portion, by said deed dated January 23, 1940, and that said conveyance was by way of gift; that said Alexander Agassiz, by deed dated May 20, 1889, conveyed the title to the United States of a small rectangular parcel of land located within the boundaries of the tract of land described in said deed of Maximilian Agassiz, and that prior to January 23, 1940, said rectangular parcel of land had ceased to be used as the site for the dwelling house for the keeper of the lighthouse on the west side of the estate of Alexander Agassiz; that on or before August 23, 1957, the United States of America ceased to use a portion of the premises conveyed to it by Maximilian Agassiz for use and occupation for Coast Guard purposes (being the premises involved herein), it having been determined to be surplus to the Government's needs, and thereupon the General Services Administration invited bids for the purchase of said portion; that Chartier submitted

the high bid of $25,750 which was accompanied by a deposit of $2,565; that said bid was accepted in writing by the plaintiff on September 30, 1957 which still retains said sum of $2,565; that thereafter, on March 12, 1958, said trustees under the last will and testament of said Maximilian Agassiz executed the aforesaid instrument and recorded the same on March 27, 1958, as hereinbefore set forth, and that plaintiff has offered a deed of said real estate to Chartier which has refused to accept the same. Said deed of Maximilian Agassiz, which conveyed a parcel of land of approximately 15.9 acres, more or less, recited in material part as follows:

" * * * in consideration of one dollar to me paid by the United States of America * * * do give, grant, bargain, sell and convey unto the said United States of America and its successors and assigns, the tract of land together with the buildings and improvements thereon, hereinafter described as the Brenton Point Coast Guard Station site at Newport, said land being bounded and described as follows:

(description of land)

"Also all right, title and interest, including the right of reversion in and to that parcel of land designated on the aforesaid plat as 'U.S. Lighthouse property' and being the same premises conveyed to the United States of America by Alexander Agassiz by instrument dated May 20, 1889 and recorded with the Land Evidence records of Newport, Volume 60 at pages 379 et seq.

"Said premises are conveyed to the United States of America for use and occupation for Coast Guard purposes, subject, however, to the perpetual easement hereby reserved by this grantor for the benefit of himself and his heirs and assigns and for the land heretofore conveyed to James T. O'Connell by deed dated June 30th, 1939 * * * to maintain and repair, reconstruct and replace water, gas, electric and tele-phone service lines over and across the aforesaid premises at their present location shown on the said plot plan of said new site.

"TO HAVE AND TO HOLD the above granted premises, with all the privileges and appurtenances thereto belonging, to the said United States of America and its successors and assigns to its and their use and behoof forever."

The deed of Alexander Agassiz to United States of America, dated May 20, 1889, referred to in said deed of Maximilian Agassiz recited that "this deed of the site for a keeper's dwelling and rights of way is given upon the express condition that they be used solely for the keeper of the said Light House and in connexion with the same * * * and that whenever the said land shall be abandoned by the grantee for the said purposes the grantor shall have the right to re-enter and take possession of the estate, rights and privileges herein granted and all rights of the grantee thereto shall be determined."

█ The crucial issue in this case is whether the statement in the deed of Maximilian Agassiz that "said premises are conveyed to the United States of America for use and occupation for Coast Guard purposes * * * " is a restriction on the estate conveyed thereby and constitutes a condition subsequent as claimed by the defendants. Said statement immediately follows the description of the land and precedes the habendum clause which gives said land to "the United States of America, and its successors and assigns to its and their use and behoof forever." The statement itself does not say that it is a condition or that unless said premises are used and occupied for Coast Guard purposes the grantor and his heirs shall have the right to re-enter thereon and forfeit the title of the grantee. Neither in said statement itself nor in any other part of said deed is there any language having any reference to a right of re-entry and forfeiture for condition broken. While the use of words that have acquired a

technical signification in connection with language indicating the creation of a condition subsequent or of an express provision for re-entry and forfeiture is not an absolute prerequisite to the creation of a condition subsequent, the failure to use them or other language clearly indicating the creation of such condition subsequent is an important consideration as indicating the absence of an intention that the estate conveyed is limited by such a condition.

The absence of such an intention here is, in my opinion, further indicated by the form of said habendum clause. It gave said tract of land with all the privileges and appurtenances thereto belonging "to the United States of America and its successors and assigns to its and their use and behoof forever." It is inconceivable that Maximilian Agassiz intended that the successors and assigns of the United States of America would be required to use said premises for Coast Guard purposes, historically a governmental function, or forfeit their title thereto.

It is well settled that conditions subsequent are not favored in law. A court will not construe a deed to create a condition subsequent unless such condition is expressed or necessarily implied. Buchanan v. McLyman, 1931, 51 R.I. 177, 153 A. 304; City of Newport v. Sisson, 1931, 51 R.I. 481, 155 A. 576; State v. Frank W. Coy Real Estate Co., 1922, 44 R.I. 357, 117 A. 432; Brice v. Trustees of All Saints Memorial Chapel, 1910, 31 R.I. 183, 76 A. 774; Greene v. O'Connor, 1892, 18 R.I. 56, 25 A. 692, 19 L.R.A. 262.

And it is also well settled that the mere declaration in a deed that the grant is made for a special and particular purpose, without more, is insufficient to create a condition subsequent. Greene v. O'Connor, supra; Taylor v. Dickerson, 1961, 113 Ohio App. 344, 178 N.E.2d 46; Hill v. Towson Realty, Inc., 1960, 221 Md. 389, 157 A.2d 796; Lynch v. Bunting, 1942, 3 Terry 171, 29 A.2d 155; Pearson v. Nelley, 1938, 331 Pa. 376, 200 A. 654; 19 Am.Jur. 496, sec. 36; Annot.

116 A.L.R. 76; 1 Restatement of Law of Property 129, note (m).

In my opinion no condition subsequent was created in the deed of Maximilian Agassiz to the United States of America. On the contrary, said deed conveyed the land described therein to the grantee in fee simple.

Accordingly, I find and conclude that said trustees have no right, title or interest in said premises; that the United States of America has a good and marketable title to the same and that it is entitled to specific performance by the defendant Chartier Real Estate Company, Inc. of its aforesaid contract. Counsel for the plaintiff will prepare and present for entry a judgment in accordance with the conclusions hereinbefore set forth.