## ESTHER PERRY *vs.* HUGH McGUCKIAN

### JULY 2, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Replevin.   Estoppel.   Question of Fact.*

Where the testimony in regard to title to the property in a replevin action was conflicting, whether or not plaintiff should be estopped from setting up her title on account of her conduct or dealings with a third party, considered in connection with the testimony of defendant, was a matter of fact to be decided by the jury and not by the court.

*(2)   Replevin.   Request to Charge.*

Where plaintiff testified that she employed a person to operate a lunch cart for her but did not authorize him to sell it; and there was no evidence tending to show that plaintiff ever authorized its sale, a request to charge which assumed that such party was the agent of plaintiff with power to sell the cart was correctly denied.

*(3)   Replevin.   Evidence.*

In a replevin action where defendant in cross examination inquired if plaintiff had not testified before the grand jury plaintiff was properly permitted to introduce a copy of an indictment against a third party charging him with obtaining money under false pretences from defendant, to rebut the inference that such indictment charged the indicted party with defrauding the plaintiff.

REPLEVIN.   Heard on exceptions of defendant and overruled.

SWEENEY, J.   This action of replevin is brought to recover possession of a lunch cart.   The defendant pleaded *non cepit* and also title and possession.   The plaintiff joined issue on the first plea, and traversed the second plea, and averred title in herself.   After trial the jury returned a verdict for the plaintiff for possession of the cart and nominal damages.   The defendant made a motion for a new trial on the usual grounds.   After a hearing the trial justice denied the motion and the defendant then brought the case to this court by his bill of exceptions.

The first exception is to the refusal of the trial justice to direct a verdict on the ground that the plaintiff was estopped from setting up title to the lunch cart against the defendant, as he claimed to be an innocent purchaser thereof for

value from Smith. The following facts, shown by the record, are pertinent in considering this exception.

The plaintiff's testimony shows that June 25th, 1921, she bought the lunch cart in question from its owner, Peter Laramie, for $1,000.00 the money being paid through Joseph S. Smith, who worked for her and her husband operating concessions at shore resorts. The plaintiff proved that on June 25th, 1921 she withdrew $813.84 from her account in a Savings Bank in Providence, and testified that she borrowed $100.00, and gave $900.00 to Mr. Smith to pay to Mr. Laramie for the lunch cart, and before August 1, 1921 gave Mr. Smith $100.00 to pay the balance due to Mr. Laramie. Unknown to the plaintiff, Mr. Smith had given his note for the balance of $100.00 due Mr. Laramie payable August 1, 1921, and he paid the note July 28th, 1921. Sometime after this, the plaintiff learned that Mr. Smith had taken a bill of sale of the lunch cart in his own name, and November 3, 1921 in the city of Providence, he executed and delivered to her a bill of sale of the cart.

The defendant testified that he purchased the lunch cart from Mr. Smith in November 1921 and paid him $1,000.00 therefor, and he received a bill of sale of the cart from Mr. Smith and also the bill of sale given to Mr. Smith by Mr. Laramie. The defendant claims that Joseph S. Smith purchased the lunch cart from Mr. Laramie in June 1921 and paid him $1,000.00 for it; that it remained at Mr. Laramie's place of business until August 1st., when it was transferred to a lane off Washington Street in the city of Providence where Mr. Smith lived, and that it remained in this location until the latter part of October when it was placed on a lot at the lower end of Broadway and then operated as a lunch cart by Mr. Smith. The defendant claims that before purchasing the lunch cart he made every inquiry which a reasonably prudent man would make before purchasing; that the license to operate the lunch cart was issued in the name of Smith; the business was not registered in the name of any person; that the arrangements for installing gas and electric light in the cart were made

by Smith, and that the bills were made out in his name. He testified that the lunch cart was advertised for sale in a Providence newspaper and in response to this advertisement he commenced negotiations with Smith which terminated in its purchase.

The plaintiff testified that she did not know that Mr. Smith had advertised the lunch cart for sale, and that he had no authority from her to do so. She testified that she took out the license to operate the lunch cart in the name of Mr. Smith, because she had been informed that the license must be in the name of the person actually operating it; that she cooked for it; and went nearly every day where it was, and collected the receipts regularly. She also testified that one day when she called at the lunch cart Mr. Smith was not there, and a man named Taylor was in charge of the cart who claimed to be operating it under the ownership of the defendant. She then went looking for Mr. Smith and not finding him in Providence made a complaint about him to the police. She testified that she finally located Mr. Smith in Los Angeles, California, and requested the police to have him brought here, and she informed the defendant where Mr. Smith could be found about two months before the case was called for trial.

Smith did not appear as a witness at the trial, nor was his deposition taken by either of the parties.

It has been held that a person is estopped to set up the truth in contradiction of his own conduct so as to make the truth an instrument of fraud. *East Greenwich Institution for Savings v. Kenyon*, 20 R. I. 110. The testimony relating to the title to the lunch cart was conflicting. Whether or not the plaintiff should be estopped from setting up her title to the cart, on account of her conduct or dealings with Smith, considered in connection with the testimony of the defendant, was a matter of fact to be decided by the jury, and not by the trial justice. The exception is overruled.

The defendant's exception to the denial of his fifth request to charge is overruled. The request was substantially an instruction to the jury to return a verdict for the defendant.

The defendant's second request to charge was correctly denied as it assumed that Smith was the agent or attorney for the plaintiff, with power to sell the lunch cart. The plaintiff testified that she did not authorize Mr. Smith to sell the lunch cart, but only employed him to operate it for her. There is no evidence in the case tending to show that the plaintiff at any time authorized Smith to sell the lunch cart.

The defendant has an exception to the ruling of the court permitting the plaintiff to introduce a copy of an indictment against Smith charging him with obtaining money under false pretenses from the defendant. The defendant's attorney asked the plaintiff, on cross-examination, if she had not testified before the grand jury, and he also asked a similar question of her husband. If the indictment had not been introduced in evidence the jury might have inferred that the plaintiff had appeared before the grand jury to have Smith indicted for defrauding her. The defendant having gone into the matter of the plaintiff's testifying before the grand jury had no reason to object to the introduction of the indictment against Smith returned by the grand jury. In the circumstances the introduction of the indictment was not error.

The defendant also claims an exception to the denial of his motion for a new trial, on the ground that the verdict is against the law and the evidence. The reasons why the case was required to be submitted to the jury have been given.. The verdict has been approved by the trial justice. After duly considering the testimony his decision on the motion for a new trial does not appear to be clearly wrong and the exception is overruled.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*William M. P. Bowen,* for plaintiff.

*Joseph H. Coen,* for defendant.