CHARLES C. GARDINER LUMBER COMPANY *vs.* EUGENE S. GRAVES *et al.*

OCTOBER 30, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a bill in equity brought by the complainant against Eugene S. Graves, Allen & Reed, Incorporated, and seventy-eight other named respondents, praying for the specific performance of an agreement between the complainant and the respondent Graves for the purchase by the latter of certain real estate, specifically described in the bill, on the easterly side of Dyer street in the city of Providence. The bill further prays that the complainant be declared to have a "perfect title" to the premises described, free from the restrictions set forth, and that "neither the respondents nor any other person have any estate or interest therein or in any part thereof, or any rights to pass or repass over any part thereof." The bill also contains a prayer for general relief.

All respondents, with the exception of Graves and of Allen & Reed, Inc. who alone made full answer, either filed mere formal answers submitting their rights to the court or made no answer at all. Decrees *pro confesso* were entered as to all respondents who failed to answer. Following a full hearing on bill, answers and proof in the superior court, the trial justice granted the prayers of the bill and a final decree was duly entered in accordance with his decision. The cause is before us solely on the appeal of Allen & Reed, Inc., hereafter called the respondent.

From the record it appears that the property in question was originally a part of the Dorrance Street Association Plat of 1827. Certified copies of this plat and of an agreement entered into in 1829 by the proprietors of the land covered by the plat are in evidence. The agreement provided that certain streets, gangways and docks shown on the plat shall "forever remain open and unencumbered for the purpose of passing and repassing upon and over the same." The strips of land shown on the plat as included in the respective streets and gangways will be hereinafter referred to as streets and gangways. According to the pleadings, the complainant, the seventy-eight respondents above mentioned and the respondent Allen & Reed, Inc. are all the persons who appear to have any present interest of record in any of the lots originally included in the Dorrance Street Association Plat and the agreement of 1829 in reference thereto.

The evidence is clear that for a period of about forty years the complainant's land described in the bill has been used for the storage of lumber and for a planing mill; that buildings and other structures of a more or less permanent nature were erected on most, if not all, of the streets and gangways; that lumber was piled on the premises to suit the complainant's convenience irrespective of streets and gangways; that during this entire period the land in question, with the exception of a short stretch of boundary towards the Providence river, was enclosed by fences, with gates conveniently located for the complainant's business and under the exclusive control of the complainant; and that, in 1922, following the transfer of a strip of land by the respondent to the complainant, the fence at that place was relocated on the new property line between the two properties.

The gates in the fence that was relocated were likewise in the exclusive control of the complainant. At least since 1922, all gates to the complainant's property were equipped with padlocks on the complainant's side of the fence, and

it alone had keys to those padlocks. It was the complainant who determined when the gates should be opened and closed, and no one was allowed access to its premises except on business or with its permission. The following question and answer in cross-examination of Philip Allen, the only witness for the respondent, is worth noting. Q. "Since the time when Allen & Reed sold the strip of land to the Gardiner Lumber Company, have you ever used any of the gangways or docks on the Gardiner Lumber Company's property?" A. "No."

On April 30, 1937, the complainant entered into a written contract with the respondent Graves whereby the latter agreed to purchase the property involved in this cause provided the complainant's title was free of all encumbrances, excepting a certain mortgage; and provided further that such title was protected by a title insurance policy from a designated company. The title insurance company refused to issue a policy without excepting therefrom the rights of way which possibly might be claimed under the Dorrance Street Association Plat and the agreement in reference thereto already mentioned by us. Graves then refused to accept a conveyance of the property with a title insurance policy containing such exceptions, whereupon the complainant instituted these proceedings for the purposes hereinbefore described.

At the conclusion of the hearing in the superior court, the trial justice found, first, that the public had acquired no rights in the streets and gangways described in the complainant's bill; and, second, that "the conduct of the parties constituted an abandonment on the part of Allen & Reed of its rights in that enclosure in question, or of the gangways in question."

A final decree was then entered declaring, among other things, that the provisions of the Dorrance Street Associa-

tion Plat agreement of 1829 were "null and void in so far as the same purport to give or have the effect of giving to any person other than the complainant, its successors and assigns", the right to pass or repass over the so-called streets and gangways shown on the Dorrance Street Association Plat; that the title of the complainant to the land embraced within the lines of said streets and gangways was "a good title in fee simple, free and clear of any rights of the respondents or the general public therein"; and that the respondent Eugene S. Graves should specifically perform his agreement of April 30, 1937, with the complainant.

As already stated, Allen & Reed, Inc. was the only respondent to appeal from the entry of this decree. Therefore, in this appeal we are solely concerned with the rights of this respondent in the streets and gangways brought into question by the complainant's bill and nothing else. We are not now called upon to pass judgment upon the complainant's title to the premises under consideration, except as to rights claimed by this respondent in streets and gangways; nor to determine the rights, if any, of any other person or corporation not a party to this appeal, in the streets and gangways in question.

The uncontradicted evidence conclusively shows that the public acquired no rights of way over the complainant's land either by dedication and acceptance or by public user. See *Clark* v. *City of Providence*, 10 R. I. 437; *Union Co.* v. *Peckham*, 16 R. I. 64. There was therefore clearly no error in the first finding of the trial justice.

The next question is whether the respondent now has any right of way over the premises of the complainant by reason of the Dorrance Street Association Plat and agreement in connection therewith. Has the respondent by conduct, both negative and affirmative, abandoned the rights of way over the streets and gangways on the complainant's land specifically described in the bill?

The question of abandonment is one of intention, and must therefore be determined by the facts in each case. To establish abandonment the evidence must show that the owner of the easement has voluntarily acted in so decisive a manner as to clearly indicate his intent to abandon the easement, and that his acts, showing such intent, were relied upon by the person owning the land subject to the easement. *Dyer* v. *Sanford,* 9 Met. 395. In *Steere* v. *Tiffany,* 13 R. I. 568, it was held that a right of way might be lost by complete nonuser alone for more than the period prescribed by the statute for quieting possession. Up to 1912, the time fixed by such statute was twenty years; since then, the statute fixes the time at ten years. Whether the rule in the *Tiffany* case has been modified by the later cases of *Johnson* v. *Stitt,* 21 R. I. 429 and *Tichman* v. *Straffin,* 54 R. I. 356, we need not now decide, as the special circumstances in the instant cause make it unnecessary to rely upon the rule of nonuser.

However, all three of the cases just cited are authority for the proposition that lapse of time and nonuser are competent evidence of an intent to abandon the easement, and as such may be entitled to great weight when considered with all other circumstances in evidence. This is especially true if nonuser for a long period of time is coupled with a use of the land subject to the easement which is inconsistent with its continued existence. *Miller* v. *State,* 121 Conn. 43; *Western Union Tel. Co.* v. *Louisville & N. R. Co.,* 206 Ala. 368; *Mammoth Cave National Park Ass'n* v. *State Highway Comm.,* 261 Ky. 769; *Clokey* v. *Wabash Ry. Co.,* 353 Ill. 349; *Lund* v. *Cox,* 281 Mass. 484.

The manner in which the complainant was using its premises was well known to the respondent for about forty years, yet during all that time the respondent did nothing tending to indicate that such use was in violation of any rights of way which it may have had over the complainant's land. The evidence clearly shows that physical obstructions, such

as piles of lumber, fences, buildings and other structures of a permanent nature, which negatived the respondent's alleged easement by making its use wholly or practically impossible, were erected and maintained by the complainant on the streets and gangways in question, with the knowledge of and without objection from the respondent for a period far in excess of the time fixed by the statute for quieting title, whether such statute was ten or twenty years.

The conduct of the respondent in 1922, when by agreement a certain boundary between its premises and those of the complainant was relocated and a new fence was constructed in the manner above described on the division line thus established, is of great persuasive force. Such affirmative action, when considered in connection with respondent's conduct both before and after 1922, clearly shows an intention on the part of the respondent to abandon whatever easement it may have had over the complainant's land. It is also clear from the evidence that the complainant, relying upon the respondent's conduct over a long period of years, openly used its premises, if not with the consent at least without objection of any kind from the respondent, in a manner inconsistent with and in denial of the alleged easement which the respondent is now trying to establish. In the circumstances we certainly cannot say that the trial justice was clearly wrong in holding that, prior to the bringing of this bill, the respondent intended to and actually did abandon any and all rights of way which it might have had over the streets and gangways in question.

The appeal of the respondent Allen & Reed, Inc. is denied; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Tillinghast, Collins & Tanner, Russell P. Jones, Westcote H. Chesebrough,* for complainant.

*Russell W. Richmond,* for Allen & Reed, Inc.