PASQUALE CAIANIELLO *vs.* SAMUEL SHATKIN *et al.*

AUGUST 3, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This action of trespass on the case for negligence is before this court on plaintiff's single exception to a decision of the superior court sustaining defendants' demurrer to plaintiff's replication to a special plea of the statute of limitations.

The declaration is in five counts, each of which states differently the defendants' duty and breach thereof but all are otherwise substantially alike. In general they allege that on June 30, 1945 defendants owned, operated, man-

aged and controlled a large manufacturing building designated as 158 Pine street in the city of Providence, on the roof of which was a large glass skylight; that plaintiff was an invitee of a tenant of defendants for the purpose of emptying a metal dust collector; that said collector, with defendants' knowledge and permission, was constructed on the roof so that the doors opened over defendants' skylight, making it impossible for plaintiff to perform the work without stepping on the frame of the skylight; and that because of defendants' negligence in the construction and maintenance thereof the skylight was in a dangerous condition of repair causing it to collapse when plaintiff stepped upon the frame and to throw him through the unprotected skylight with resulting severe and permanent injuries.

The defendants filed a plea of the general issue and also a special plea setting up the statute of limitations. To the latter plea the plaintiff filed a replication setting forth:

"That said Statute does not apply for the reason that at the time of the injuries mentioned in said declaration, to wit, on the 30th day of June, A. D., 1945, said premises as appears by the real estate records of the City of Providence were the property of Page Realty Inc., a corporation; that subsequent thereto and unknown to this plaintiff, said defendants caused to be recorded, on to wit, the 4th day of November, A. D., 1946 in the real estate records of said Providence in Deed Book No. 909 at page 300 a certain deed of said premises from said Page Realty Inc., allegedly executed on the 30th day of April, A. D., 1943 conveying to said defendants all its right, title and interest in said premises; that at the time of said conveyance said defendants were all the officers and stockholders of said Page Realty Inc.; that at the time of said accident said defendants were the owners of said premises; that said transaction constituted a fraud against this plaintiff; that this plaintiff did not discover said fraud until about the 16th day of May, A. D., 1948; that pending the concealment of said fraud the Statute of Limitations did not run and said defendants are now estopped from setting up said Statute in defense of this action * * *."

The defendants filed a demurrer to plaintiff's replication and after a hearing thereon in the superior court the trial justice found .that the cause of action clearly accrued on June 30, 1945; that the action was not brought until June 4, 1948, after the statute of limitations of two years had run; that the cause of action, as distinguished from the person who might be liable thereunder, was not concealed from the plaintiff by defendants; and that therefore the case did not come within the exceptions provided in general laws 1938, chapter 510, as construed in *Luft* v. *Factory Mutual Liability Ins. Co. of America*, 53 R. I. 238. From the decision sustaining defendants' demurrer plaintiff has duly prosecuted the instant bill of exceptions to this court.

The plaintiff here argues in effect that the trial justice misconceived the basis of his replication in that he is not relying upon actual fraud nor upon an alleged concealment of the cause of action so as to bring the case within chap. 510, §7. He now contends that defendants are all the officers, stockholders and directors of Page Realty Inc., which appeared as the recorded owner of the premises at the time of the accident; that a deed executed by said corporation to defendants individually was dated April 30, 1943, more than two years before the accident, but was not recorded until November 4, 1946, a year and six months after the accident; that such deed and recording did not come to the knowledge of plaintiff until after the statute of limitations had run; and that by not recording the deed and by otherwise deliberately holding out Page Realty Inc. as the owner and concealing their ownership of the building, defendants' conduct was misleading to the public generally and to plaintiff particularly, and constituted in effect a constructive fraud sufficient to estop them from now taking advantage of their own unjust conduct by using the statute of limitations as a defense.

In support of this argument several cases are cited by plaintiff to establish the general principle that the doctrine

of estoppel though equitable in its nature can be and has been applied in certain circumstances in actions at law both in this state and elsewhere. Examples of these cases are *East Greenwich Institution for Savings* v. *Kenyon,* 20 R. I. 110; *Humes Construction Co.* v. *Philadelphia Casualty Co.,* 32 R. I. 246; *Riddell* v. *Rochester German Ins. Co. of New York,* 36 R. I. 240; *Lewey* v. *Fricke Coke Co.,* 166 Pa. 536.

The defendants apparently do not deny the existence of that principle as a proposition of law but they contend chiefly that they are required to meet only the facts stated in the replication; that plaintiff in the superior court based his argument upon a concealment of the cause of action under the statute, as evidenced by the trial justice's rescript and findings; that in any event certain facts now advanced in argument before this court, if they can be considered as sufficient to support the application of an estoppel *in pais,* are nevertheless not alleged in the replication; and that in its present form the allegations of the replication do not warrant the application of estoppel as a matter of law.

There is authority to support in proper circumstances an application of the principle of estoppel against one who invokes the statute of limitations as a defense in a tort action. While some states by legislation have expressly permitted it, somewhat like our chap. 510, §7, apparently others have applied the principle in a proper case without such a statute. *McLearn* v. *Hill,* 276 Mass. 519; *Ford* v. *Rogovin,* 289 Mass. 549. See also cases collected in annotations 77 A.L.R. 1044, and 50 A.L.R. 686.

In *McLearn* v. *Hill,* and *Ford* v. *Rogovin, supra,* the Massachusetts court recognized the principle, as stated in the former case at page 527, that "Proof of fraud in its strict sense is not essential to estoppel" but that an estoppel may be created by "fraud arising from an intention to mislead" as well as by "words or conduct not consonant with fairness and designed to induce action by the plaintiff to his harm in nature not different from that caused by fraud in

its grosser aspects." However, in the *Ford* case at page 552 that court stated: "But the words or conduct must be such that a reasonable man would rely thereon" and further affirmed a statement from a previous case that "the doctrine of estoppel is not applied except when to refuse it would be inequitable."

Similarly the cases in this state cited by plaintiff have recognized the principle of estoppel. But those cases do not present the precise facts and question in issue here and are therefore distinguishable. However, in the case of *Mockel* v. *Pawtucket Gas Co. of New Jersey*, 48 R. I. 485, some elements pertinent here were involved in the arguments. This court there sustained a decision of the superior court denying plaintiff's motion to add a new party after the running of the statute. In discussing the reasons by which the court came to its conclusion, it referred to arguments apparently based on the principle of estoppel and at page 488 stated: "It was his [plaintiff's] deliberate and voluntary intention to sue the New Jersey corporation under the mistaken belief that it might be the party responsible for his injuries. *The defendant did not cause his mistake, nor was it guilty of any deception.* In the circumstances it was under no legal obligation to inform plaintiff before the trial of the facts as it understood them to be." (emphasis ours) And further on the same page the court said: "The action of the attorney in asking for a bill [of particulars] for both defendants may have been unnecessary but it can not, as plaintiff urges, be held to be a deception."

From these and other expressions in the cases above cited it appears that the principle of equitable estoppel is recognized in actions at law in order to stop the running of the statute of limitations as a defense where the particular facts warrant its application. But it also appears that such application requires more than mere inaction or silence by a person who has no obligation to speak or act in the premises. There must be some express representation or other affirmative conduct amounting in fact to such a representa-

tion which could reasonably deceive another and induce him to rely thereon to his disadvantage.

In the instant case the plaintiff does not allege any duty upon defendants under the law to record the deed; nor does he allege any express fraudulent misrepresentation by them in any dealings with plaintiff. However, he urges a combination of acts by defendants as set forth in the replication together with their other actions which are not therein set forth. Particularly he emphasizes their conduct as sole officers and directors of Page Realty Inc. in authorizing a law action to be brought against plaintiff's employer for damages to the building resulting from plaintiff's alleged negligence on the ground that the corporation was then the owner thereof when they well knew of plaintiff's timely action against the corporation and of their own possession of a deed from that corporation. He argues that such conduct was more than inaction or silence and was affirmative action which in the known circumstances amounted to a concealment or constructive fraud inducing plaintiff to believe that Page Realty Inc. was still the owner of the building.

The answer to this argument is that the replication does not contain, and the record nowhere sets forth, any allegation as to the action brought by plaintiff against Page Realty Inc. or the one which at the instance and direction of defendants as officers and directors of that corporation was commenced by it against plaintiff's employer. It seems clear that where the doctrine of estoppel is applicable the facts relied on must be reasonably and sufficiently set forth in the pleadings so that a court may decide whether its refusal would be inequitable. We therefore agree with defendants' contention that we must determine the issue here, as did the trial justice, solely on the replication as filed. As stated the replication appears to us to be insufficient in certain respects to state a case of fraudulent concealment that would survive a demurrer. Whether it would be suffi-

cient to estop defendants if additional and pertinent facts appeared therein as argued is not before us and is not decided. In the circumstances of record we are of the opinion that the trial justice's decision must be sustained.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Hailes L. Palmer, Benjamin W. Grim,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring,* for defendants.