DECISION
Before the Court is Plaintiff's R.C.P. 56 Motion for Summary Judgment.
Facts
The record reveals the following facts. On or about July 13, 1896, the North Kingstown Town Council ordered that a public road, Steamboat Avenue, be laid out. R.F. Rodman, G.E. Gardiner, and J.W.D. Rathbun (the Committee) were appointed to bound and mark the road. The Committee submitted a map which showed the road ending at the salt water. On November 5, 1896, John F. Greene, identified as an interested party, was notified by personal service of the Town Council's intention to establish the public road. Subsequently, on November 9, 1896, the Town Council ordered that Steamboat Avenue be established. R.F. Rodman prepared a plan of Steamboat Avenue which shows that the road extends to the salt water. This plan was recorded by the Town Clerk into the Land Evidence Records at Book 41, Page 466 on November 30, 1896.
On August 24, 1982, the Coastal Resources Management Council (CRMC) held a hearing regarding Steamboat Avenue. CRMC had designated Steamboat Avenue as a right-of-way, and Raoul Archambault, Jr., the Pellegrino's predecessor in interest, opposed the designation. Archambault presented evidence on the history of Steamboat Avenue at the hearing. After hearing all of the evidence, the CRMC rendered a decision declaring that the 100 feet of Steamboat Avenue ending at the salt water is not a public right-of-way.
The defendants, Michael and Lynn Pellegrino, claim ownership of this 100 feet of Steamboat Avenue under a Quitclaim Deed dated February 3, 1986, from Archambault. Plaintiff Town of North Kingstown, brought this declaratory judgment action against the defendants, asking the Court to quiet title to the property at the extension of Steamboat Avenue and find that it is legally owned by the Town. The defendants have installed a private asphalt driveway, stone gate pillars with light fixtures, a chain link fence, shrubs, trees, and ground lights. They contend that the Town does not maintain the road, and that it only plowed the property in question on one occasion. On this basis, the defendants argue that the Town has abandoned its ownership rights in this portion of the road, or alternatively, that it should be estopped from asserting its ownership rights.
Standard of Review
Summary judgment is a means of curtailing litigation when the court finds that no genuine issue of material fact exists. TrendPrecious Metals v. Sammartino, 577 A.2d 986, 988 (R.I. 1990). In making its decision, the court recognizes that summary judgment is a drastic remedy that should be cautiously applied. Rustigianv. Celona, 478 A.2d 187, 189 (R.I. 1984). The court must examine the pleadings, affidavits, admissions, answers to interrogatories and other documents in the light most favorable to the party opposing the motion. O'Hara v. John Hancock Mutual LifeInsurance Co., 574 A.2d 135, 136 (R.I. 1990). Nevertheless, a litigant who seeks to oppose a motion for summary judgment has the burden of showing the existence of a disputed issue of material fact and cannot rest upon mere allegations in the pleadings. Industrial National Bank v. Patriarca, 502 A.2d 336, 338 (R.I. 1985). The trial justice may search for the existence of material issues of fact, but may not determine them.McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990). In addition, the trial justice may not assess the weight or credibility of the evidence. Id. (citing Doyle v. State,122 R.I. 590, 411 A.2d 907 (1980)).
It is undisputed that Steamboat Avenue was once declared to be a public way. The parties do dispute, however, whether the Town actually complied with the statutory requirements to establish that the 100 feet in question is part of a public highway. A road or street may be a public highway even if it is closed at one end and only connects with a highway at the other end. Greene v. O'Connor, 18 R.I. 56, 61, 25 A. 692, 694 (1892) (citations omitted). Assuming without deciding that the 100 feet of Steamboat Avenue in question is part of the public way originally established, it would remain a public highway until abandoned or declared useless. Id. at 59, 25 A. at 693.
I. Abandonment
The defendants contend that the Town abandoned Steamboat Avenue as a public way through its years of non-use. In order to establish abandonment, two factors must be proven by the party asserting the defense. Washington Arcade v. Zoning Board ofReview, 528 A.2d 736, 738 (R.I. 1987); Town of Coventry v.Glickman, 429 A.2d 440 (R.I. 1981). First, there must be an intent to abandon; and second, there must be some overt action or failure to act which would lead one to believe that the owner no longer claims any interest in the subject matter of abandonment.Id. at 738 (citing Richards v. Zoning Board of Review ofProvidence, 100 R.I. 212, 218, 213 A.2d 814, 817 (1965); 1 Anderson, American Law of Zoning, § 6.66 at 639-641 (3d ed. 1986)). Since the question of abandonment is one of intention, it must be determined by the facts in each case. Gardiner LumberCompany v. Graves, 63 R.I. 345, 350, 8 A.2d 862, 864 (1939). Therefore, the allegation of abandonment is a disputed issue of material fact that precludes summary judgment in this case.
II. Estoppel
The defendants also contend that the Town is now estopped to claim Steamboat Avenue as a public right-of-way. In rare cases, equitable estoppel has been applied against a municipality in zoning cases. Lombardi v. Kooloian, 560 A.2d 951, 952 (R.I. 1989). In deciding whether this doctrine should apply, the court must consider the public interest involved and only apply estoppel when justice so requires. Lerner v. Gill,463 A.2d 1352, 1363 (R.I. 1983) (citing United States v. Wharton,514 F.2d 406, 412-413 (9th Cir. 1975); Beacom v. Equal EmploymentOpportunity Commission, 500 F. Supp. 428, 435 (D. Ariz. 1980)). Again the burden of proving the elements of estoppel rests with the party asserting the defense. Lichtenstein v. Parness,81 R.I. 135, 138, 99 A.2d 3, 5 (1953). The elements of estoppel are
 1) an affirmative representation or equivalent conduct on the part of the person against whom estoppel is claimed which is directed to another for the purpose of inducing the other to act or fail to act in reliance thereon; and, 2) that the representation or conduct did induce the other party to act or fail to act to his detriment.
Id. Estoppel requires some express representation or affirmative conduct. Caianiello v. Shatkin, 78 R.I. 471, 476-477, 82 A.2d 826, 829 (1951). Mere inaction or silence on the part of someone with no obligation to speak or act is not enough to amount to estoppel. Id. As a finding of estoppel depends significantly on the actions and circumstances of the parties, it is most often a question for the trier of fact. Gagner v.Strekouras, 423 A.2d 1168 (R.I. 1980); Perry v. McGluckian,45 R.I. 259, 261, 121 A. 431, 433 (1923). Again, whether the Town should be estopped from claiming ownership to the 100 feet of Steamboat Avenue is a disputed issue of material fact that must be resolved at trial.
Conclusion
The court has carefully reviewed the arguments of counsel, the memoranda submitted in support of those arguments, as well as the trial discovery responses contained in the case file. After due consideration, the court finds that disputed issues of material fact remain, namely whether the Town of North Kingstown had the intent to abandon the 100 feet Steamboat Avenue that ends at the salt water as a public way, and whether the Town should be estopped from asserting its ownership of this portion of the street. Accordingly, the plaintiff's motion for summary judgment is denied.
Counsel shall prepare an appropriate order for entry.