STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-73

EVERGREEN MOUNTAIN
ENTERPRISES, LLC and
SETH CAREY,

Plaintiffs

v.

OXFORD CASINO, et al.,

Defendants

**ORDER ON MOTION OF
J. PETER MARTIN AND
ANTHONY PALMINTERI FOR
SUMMARY JUDGMENT**

A motion to dismiss the claims of the plaintiffs in this case was granted on the basis of those claims being untimely, except for one claim made by plaintiffs against defendants Oxford Casino, J. Peter Martin, and Anthony Palminteri. That claim is for invasion of privacy/intrusion on seclusion. That cause of action is based on the claim of plaintiffs that the defendants tapped plaintiff Seth Carey's telephone.[1]

Defendants Martin and Palminteri contend that the tapping of a telephone does not constitute an "invasion of privacy/intrusion or seclusion." Defendants contend that the tapping of a telephone is not an intentional *physical* intrusion upon premises occupied privately by a plaintiff for purposes of seclusion and not "highly

---

[1] Defendant Olympia's motion for summary judgment has been granted. Plaintiffs presented no evidence to link Olympia to any tapping of any telephone.

offensive to a reasonable person." The court disagrees, however, and concludes that the tapping of a phone or computer device *can* constitute an invasion of privacy/intrusion or seclusion.

Nevertheless, the allegations relied on by plaintiffs are insufficient as a matter of law to survive the motion of defendants Martin and Palminteri for summary judgment on the invasion of privacy claim.

Plaintiffs allege that Carey's grandmother's house in Florida was burglarized; that Carey had a telephone conversation with defendant Martin in 2010, and shortly after that conversation, Carey's phone began making clicking or static noises nearly every time he used the phone, no matter where it was used. Carey asserts that his friend told him he believes the phone has been tapped. Plaintiffs contend that this is sufficient to show that Carey's cell phone has been tapped, and that defendants were responsible.

In order to survive a motion for summary judgment, a plaintiff must present sufficient admissible evidence to prevent a defendant from being entitled to a directed verdict, and to support a fact finder finding in favor of the plaintiff. *Bell v. Dawson* 2013 ME 108, ¶ 16, 82 A2d 827, *H.E.P. Development Group, Inc. v.Nelson* 606 A.2d 774,775 (Me. 1992)

Here, plaintiffs have presented nothing more than unsupported allegations that Carey's telephone was tapped. They have not designated an expert to present evidence to establish that his phone was in fact tapped, or how it was tapped, *see United States v. Lopez-Lopez,* 282 F.3rd 1,14,15 (1st Cir. 2009) Nor have they presented admissible evidence that either defendant was in any way responsible for tapping the cell phone, or for the burglary of the grandmother's Florida home.

Accordingly, even though the tapping of a telephone or other such device could constitute an invasion of privacy/intrusion on seclusion, the evidence presented by the plaintiffs of that occurring here, or that defendants were responsible for same, is woefully inadequate. If the evidence relied on by plaintiffs for the purpose of this motion was the evidence they would present at a trial, the defendants would be entitled to a directed verdict in their favor.

Accordingly, defendants Martin and Palminteri are entitled to a summary judgment.

The entry is:

> Motion for summary judgment of defendants Martin and Palminteri is GRANTED.
>
> JUDGMENT for defendants Martin and Palminteri on plaintiffs SECOND AND THIRD CLAIMS FOR RELIEF and on ALL CLAIMS FOR RELIEF.

DATED: February 1, 2017

Robert W. Clifford
Active Retired Justice

Docketed 2-2-17

4

STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-73

EVERGREEN MOUNTAIN
ENTERPRISES,
LLC and SETH CAREY,

        Plaintiffs,

v.

OXFORD CASINO, ET AL.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANT OXFORD
CASINO'S MOTION FOR
SUMMARY JUDGMENT**

After consideration of Defendant Oxford Casino's Motion for Summary

Judgment and any opposition thereto, Defendant's motion is hereby GRANTED.

Plaintiffs have failed to raise a genuine issue of material fact that would present a

triable issue regarding whether, how, or by whom Seth Carey's cell phone was tapped.

Plaintiffs have failed to establish a prima facie case for the elements of the claim of

invasion of privacy/intrusion on seclusion, which requires an allegation of physical

intrusion upon premises privately occupied. *See, e.g., Estate of Berthiaume v. Pratt*,

365 A.2d 792, 795 (Me. 1976); *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103,

¶ 16, 48 A.3d 774, 781; *Nelson v. Maine Times*, 373 A.2d 1221, 1223 (Me. 1977).

Moreover, even if the act of tapping a cell phone rose to the level of the tort of

invasion of privacy, the plaintiffs have failed to produce admissible evidence sufficient to

survive a claim for directed verdict, and summary judgment should be granted.

Judgment shall enter for Defendant Oxford Casino on Plaintiffs' claim for
invasion of privacy by intrusion on seclusion.

In accordance with prior orders in this case, all counts asserted in the Plaintiffs'
Complaint or Amended Complaint are hereby dismissed.

Oxford County Court Oxford County Courts

FEB 0 1 2017

DEC 1 3 2016

Consolidated Clerks Offic Consolidated Clerks Office

Defendant Oxford Casino shall submit an affidavit of attorney's fees within 14 days of the docketing of this Order.

So Ordered.

This Order shall enter upon the civil docket pursuant to M.R. Civ.P. 79(a).

Dated: 1/27/17

_____
Justice, Superior Court

Docketed 2-2-17